AMELIA R. SOLOMON ET AL. V. JOSEPH HUEY, ADM'R.

(Case No. 2822.)

1. NON EST FACTUM — INTERVENTION.— Where the administrator in a suit on a promissory note against his decedent's estate is unwilling to make the affidavit required by law to a plea of *non est factum*, it is proper to permit the widow to intervene in the suit, and make the necessary affidavit to the plea, where the intervention occasions no delay.  Eborn *v.* Zimpelman, 47 Tex., 503; Eccles *v.* Hill, 13 Tex., 67.

2. EVIDENCE — BURDEN OF PROOF — CONSIDERATION OF A NOTE.— The burden of proof is upon the plaintiff where want of consideration is set up as defense to suit on a note, but the production of the note is *prima facie* evidence of consideration, which, if not rebutted, is sufficient to maintain the plaintiff's case.  It is proper for the defendant to rebut this evidence and avoid the *prima facie* case so made, and the burden of proof all along is on the plaintiff to satisfy the jury, upon the whole evidence in the case, of the fact of the consideration for the note.  6 Cush., 367; Powers *v.* Russel, 13 Pick., 76.

3. EVIDENCE — DECLARATIONS OF A PARTY IN HIS OWN INTEREST.— Declarations of a party in his own favor are not admissible in evidence, when not made in the presence of his adversary, as to admit them would be to permit a man to manufacture evidence in his own favor.  Wharton, Ev., 1077.

APPEAL from Navarro.  Tried below before the Hon. F. P. Wood.

This suit was instituted by appellants against appellee as administrator of J. M. Lindley, deceased, upon a promissory note for $1,000, made by Lindley in favor of appellant, Amelia R. Solomon.

Defendant answered, pleading the general denial and a want of consideration, and a failure of consideration.

Mrs. Lindley, the widow of the intestate, filed a petition in intervention, alleging that the note sued on was not executed by Lindley nor by any person by him authorized, and further that the administrator was unwilling to make the affidavit required by law to the plea of " *non est factum*," which she prays to be permitted to do.  This plea was duly sworn to.

The cause was submitted to a jury, who found for the de-

fendant, and there was judgment accordingly, from which the plaintiff appealed.

It is assigned for error substantially as follows:

1. The admission of Mrs. Lindley to intervene and plead *non est factum*.

2. That the judge erred in this: that by his charge he put the burden of proof of consideration on plaintiff.

3. In admitting evidence to prove Lindley's declarations, denying his indebtedness to plaintiff, not in plaintiff's presence.

4. That the verdict was contrary to the evidence and the law.

*Sam R. Frost* and *Wm. Croft*, for appellants.

*Reads & Beale*, for appellee.

QUINAN, J.— The first objection is not well made.

Mrs. Lindley, as the widow of the intestate, was interested in his estate. If the administrator of the estate was unwilling to make the affidavit necessary for the protection of the estate from the enforcement of an unjust claim against it, either from the want of the necessary information or other cause, it was proper to admit her, better informed, so to do, for the protection of her interest, which otherwise might be jeopardized. And in this case her intervention worked no delay. Eccles *v.* Hill, 13 Tex., 67.

In Eborn *v.* Zimpelman, 47 Tex., 503, the right of the heir to make the affidavit to the plea of *non est factum* with the assent of the administrator was recognized, and we think it a correct practice, and in many cases very necessary to the ends of justice.

The second error assigned is not well taken. In truth the charges of the judge in respect to the burthen of proof were more favorable to appellant than she had a legal right to ask. The court charged the jury " that the note shows *prima facie* a consideration, and that the defendant must show that there was no consideration or no sufficient consideration," and that the burthen of proving a failure of consideration is upon the

defendants; and although the plaintiff show no other consideration than that expressed in the note, unless the defendant show from the evidence that no consideration or no sufficient consideration passed from the plaintiff to Lindley, then you will find for the plaintiff.

This charge is not very accurate, but certainly was not to the prejudice of the plaintiff. The rule in cases of this character, where a want of consideration is set up, is very aptly stated in Delano *v.* Bartlett, 6 Cush., 367: "It was incumbent on the plaintiff to prove a consideration for the note which was the foundation of the suit. That was a part of her case, and the burden was on her to establish that fact. But the note itself was *prima facie* evidence of a consideration, so that by producing the note the plaintiff made a *prima facie* case. That evidence, if not rebutted, would be sufficient to maintain the plaintiff's case. But it was competent for the defendants to rebut this evidence, and thus to avoid the *prima facie* case made by her. Accordingly the defendants did offer evidence to rebut the evidence on the part of the plaintiff, and to show that there was no consideration. The evidence on both sides applied to the affirmative or negative of the same proposition of fact — a consideration for the note, — and the plaintiff's case requiring her to establish that fact, the burden of proof was all along on her to satisfy the jury, upon the whole evidence in the case, of the fact of a consideration for the note. Powers *v.* Russel, 13 Pick., 76.

The third assignment of error, to the admission of Lindley's declarations of his non-indebtedness in evidence, is, in our opinion, well taken. In the bill of exceptions taken on this account, the judge explains: "The plaintiffs having been permitted to prove declarations of the intestate made to other persons, and not in the presence of the plaintiffs, the declarations of the intestate made to others, and at other times and places, were admitted by the court by way of rebuttal, being introduced by the defendants." Manifestly this was error. While the admissions of a party against his interest, made verbally, though always to be received with

great caution, are competent testimony, and often of the most satisfactory nature, it does not follow that his declarations in his own interest, made at other times and places, and not in the presence of his adversary, are competent testimony, for that would be to permit a man to manufacture evidence in his own favor. Mr. Wharton says, where the party seeking to prove admissions in no way altered his position in consequence of their utterance, the party making them can always prove the untruth, but not by introducing subsequent inconsistent declarations. Wharton, Ev., 1077.

It is insisted for the appellee that this testimony admitted was immaterial and could not have misled the jury. We have examined the evidence carefully — it was a case of very conflicting testimony. Had the verdict of the jury, upon either of the issues submitted, been for the plaintiff, we would not have been at liberty to disturb it, and we cannot undertake to say upon which of the issues the verdict was found. The testimony of Houston, as to the declarations of Lindley in respect to his indebtedness, being suffered by the court to go to the jury with his sanction as to its competency to negative the allegation of consideration for the note sued upon, may have very materially influenced their finding. Certainly we cannot say that it did not. And as this was error, the verdict cannot stand.

We are of opinion that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.