## T. P. BOREN v. J. S. BOREN ET AL.

Decided April 23, 1902.

**1.—Parol Evidence—Mortgage—Consideration.**

In an action by a surety to foreclose a mortgage parol evidence was admissible to correct what was clearly a mistake therein in stating the amount of the note secured, and to show that the true consideration of the mortgage was plaintiff's suretyship on the note, and for this latter purpose no allegation of fraud, mistake, or accident was necessary.

**2.—Same—Payment—Check.**

Where the payee of the note testified that it was paid, and there was no controversy as to the payment, objection to plaintiff's testimony that he paid it in part by a check, on the ground that the check was the best evidence, was not well taken.

**3.—Usury—Surety Paying—Recovery.**

Where a surety pays a note bearing usurious interest with knowledge of the usury, he can not recover from the principal the usurious interest so paid, and that he gained knowledge of the usury after he signed the note does not affect the matter.

Appeal from the County Court of Ellis. Tried below before Hon. J. E. Lancaster.

*T. H. Collier,* for appellant.

*J. B. Bisland,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by J. S. Boren against appellant and J. W. Bardwell to recover a debt of $550, with interest and attorney's fees, against J. S. Boren, and for $275 against J. W. Bardwell, and for the foreclosure of a mortgage on four mules given by T. P. Boren. The cause was submitted on special issues to a jury, and on their findings the judgment was rendered in favor of J. S.

Boren for the amount prayed for by him against the respective parties, and for the foreclosure of the mortgage. On hearing the motion for new trial the court eliminated the usurious interest that had been allowed in the judgment and rendered judgment for $580.31. This appeal was perfected by T. P. Boren.

It was established by the facts that in 1897 W. A. Griggs loaned T. P. Boren $400, and to secure its payment took his promissory note for $450, with J. S. Boren and J. W. Bardwell as sureties. The note was dated September 11, 1894, and was due on October 1, 1898. The $50 was added in as interest on the $400. The note provided for 10 per cent attorney's fees. When the note became due it was paid off by J. S. Boren, the amount paid being $550. The $50 added to the note rendered it usurious, and it was admitted by J. S. Boren that he knew that the interest was usurious before he paid it, and there is nothing in the record to show that he did not know it when he signed the note as surety.

To secure the sureties in the event they were compelled to pay the note appellant executed to them a mortgage on four mules, and there was a provision for 10 per cent attorney's fees in case of suit. In the mortgage the debt to Griggs is described as being for $430, instead of $450, but the true date of the note and time of maturity are given. Appellant was required to answer, over his objection, that the mortgage was intended to secure the sureties in the payment of the Griggs note. This is presented as error, the ground of objection being that parol evidence was inadmissible to add to, take from, or explain a written instrument. We think the testimony was admissible to correct what was clearly a mistake as to the amount of the Griggs note, and show the true consideration. Mead v. Randolph, 8 Texas, 191; Hicks v. Morris, 57 Texas, 658; Taylor v. Merrill, 64 Texas, 494.

No allegation of fraud, accident, or mistake was necessary as a basis for the proof of the true consideration. Taylor v. Merrill, above cited.

Appellant's objection to the testimony of J. S. Boren that he paid the note in money and a check for $210, on the ground that the check was the best evidence, is without merit. Griggs swore that the note had been paid and there was no controversy on that question.

It follows from what was said in regard to the discrepancy between the amount of the note named in the mortgage and that set out in the note, that the mortgage was intended to secure the payment of the debt indicated by the note. That such was the case is demonstrated by the uncontradicted evidence, and although the jury found that the mortgage was not given to secure the Griggs note, the court in view of the testimony did not err in ignoring such finding and rendering a judgment sustained by all of the facts. The jury may have thought that the court wanted a finding as to whether Griggs was secured in his debt by the mortgage, and could truthfully answer that he was not. Appellees were so secured, and the court properly foreclosed the mortgage lien.

It appears beyond controversy that appellant only received $400 from

Griggs and that the $50 in excess of that sum was added for the use of the money for a period of less than thirteen months, which was usurious.

From the authorities accessible to the court it appears to be the rule in some States that if a surety to a contract tainted with usury, of which he had knowledge when he signed, pays it off he can not recover the usurious interest from his principal, but otherwise if he discovers the usury after he signed the contract, unless he is notified by the principal not to pay it. Brandt on Sur. and Guar., sec. 215; Ford v. Keith, 1 Mass., 139. The rule, however, seems to be different in other States, and knowledge of the usury at the time of payment by the surety is held to preclude him from recovery of the usurious interest from the principal.

In this case J. S. Boren sued to recover a debt paid off by him as surety consisting in part of usurious interest. He knew it was usurious when he paid it, because appellant had told him so. He admits his knowledge of it in his pleading, and no attempt was made to show when the surety's knowledge of the usury was obtained. It has been held in Georgia that knowledge of the usury in a debt at time of its payment by a surety would preclude recovery of the usurious interest, and we prefer that rule to the one announced by a divided court in the Massachusetts case above cited. Jones v. Joyner, 8 Ga., 562; Mims v. McDonald, 4 Ga., 182; Whitehead v. Peck, 1 Kelly (Ga.), 140.

We can not see any force in the distinction attempted to be drawn between a knowledge of the usury at time of execution of the note and knowledge gained by the surety at any time before payment. The fact that he gained the knowledge of the usury after the execution, if he did so gain it, did not render his position any better or worse. He could plead usury in either instance whether his principal did or not. It is argued that he should not be compelled to be drawn into a lawsuit, but it may be answered that a lawsuit in the capacity of a defendant, in company with his principal, would not be more onerous than a lawsuit against the principal, and the surety should not be allowed to deprive a principal of a right that he has under the statute of pleading the usury in the contract. He should not be heard to say that it is a personal privilege of his principal and that he may not choose to plead it, and the surety should not obstruct his pathway if he does wish to exercise his legal right. The very fact that the principal informed the surety that there was usury in the contract was a circumstance tending to notify him that advantage would be taken of it. In the case of Roe v. Kiser, 34 Southwestern Reporter, 534, it was said by the Supreme Court of Arkansas: "The note given by Kiser and Wroe to Felker, and the mortgage by Kiser to Roe, were usurious and void. There was no legal obligation upon either Kiser or Roe to pay the note they had given Felker, and the evidence does not show that Kiser requested Roe to pay the same, but tends to show that he did it voluntarily, knowing that it

was usurious and void. This he had no right to do, and thus make Kiser liable to pay the note he was not legally bound to pay." This we think is the correct doctrine, and that the court did not err in correcting his judgment so as to eliminate therefrom the usurious interest.

The judgment is affirmed.

*Affirmed.*