### SYLER v. CULP et al.

(Court of Civil Appeals of Texas. Austin. May 3, 1911.)

1. BILLS AND NOTES (§ 313*)—SALE OF NOTE—RIGHTS OF PURCHASER.

Defendant having sold to plaintiff certain property, including a note previously pledged by defendant to a third person as security, and plaintiff having as consideration agreed to pay certain debts including that for which the note was pledged, defendant, having afterwards secured the note from the pledgee, by paying part of the secured debt, was not liable to plaintiff for the full amount of the note, but only for such amount less what defendant paid on the secured debt.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 746–750; Dec. Dig. § 313.*]

2. EVIDENCE (§ 419*)—PAROL EVIDENCE—CONSIDERATION OF WRITTEN INSTRUMENT.

Parol evidence is always admissible to show the true consideration of a written instrument.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**3. REFORMATION OF INSTRUMENTS (§ 44*)—PAROL EVIDENCE—VARYING WRITTEN CONTRACT.**

Parol evidence is admissible to vary, alter, or change the terms of a written instrument, where a predicate is laid therefor in the pleading by an allegation that the writing did not express the true contract, by reason of fraud, accident, or mistake.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 155, 156; Dec. Dig. § 44.*]

**4. EVIDENCE (§ 419*)—PAROL EVIDENCE—CONSIDERATION OF CONTRACT—PLEADING AND PROOF.**

The action not being one to reform an instrument, and as reformed to enforce it, but one to recover property as part of the consideration of plaintiff's contract with defendant, though not mentioned therein, he may by parol show that the true consideration was not set out in the writing, and that such property was part of the consideration, though alleging that the omission thereof from the writing was by mutual mistake, while the evidence shows that the omission was through mistake of plaintiff only.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

**5. EVIDENCE (§ 271*)—SELF-SERVING DECLARATIONS.**

Declarations of one of the parties to a sale, made after the contract, in the absence of the other party, to third persons, that the contract covered certain property, are inadmissible against the other party.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1104; Dec. Dig. § 271.*]

Appeal from Coleman County Court; T. J. White, Judge.

Action by R. E. L. Culp and others against R. E. Syler. Judgment for plaintiffs. Defendant appeals. Reversed and remanded.

Snodgrass & Dibrell, for appellant. Woodward & Baker, for appellees.

RICE, J. Appellant, who on May 21, 1908, owned an ice factory in the town of Coleman, sold and conveyed an undivided one-half interest therein to appellees, in consideration of the sum of $350, and the assumption by them of one-half of all the indebtedness due by him thereon, after which said parties continued to operate said business; but, finding that they were losing money thereon, appellees became dissatisfied, and proposed to purchase appellant's remaining interest therein, and succeeded in so doing on the 24th of September thereafter. Whereupon appellant executed a deed to them therefor; the consideration recited therein being the assumption on the part of appellees of the entire indebtedness of said concern except a $300 note due to the First National Bank of Coleman. The record shows that amongst other debts so assumed by appellees was an account owing to Horn & Beck for the sum of $460.50, which was secured by the note of Monroe Upton for $290 with interest, theretofore left with them by appellant as collateral therefor. Appellees claimed that appellant had agreed to deliver said $290 note to them as a part of the consideration for said conveyance, but that the same was by mistake not mentioned therein, and they brought this suit to recover the title and possession of said note, or, in the alternative, for its value, alleging that appellant, who had obtained possession of said note from Horn & Beck by paying them the sum of $113.22, the balance remaining unpaid on said account, had converted same to his own use. Appellant specially excepted to plaintiffs' petition on the ground that the same failed to tender the money alleged to have been paid by him to Horn & Beck for the release of said $290 note; and, after a general denial, pleaded that the same was the separate property of his wife, having been given in payment for certain cattle which she had inherited from her father's estate, which fact was alleged to have been known to appellees before said sale. Appellees, in reply thereto, alleged that they were innocent purchasers of said note for value without notice thereof. There was a jury trial, resulting in a verdict and judgment for appellees for the title and possession of said note, and, if for any reason the same could not be delivered to them, then in the alternative for the value thereof, from which judgment this appeal is prosecuted.

Plaintiffs' evidence showed that, in consideration of the assumption on their part of the outstanding indebtedness against the ice plant, appellant was to pay off the $300 note due the First National Bank, and deliver to them the Monroe Upton $290 note, and that appellant directed them to have the instrument prepared in accordance with such agreement, and that they so instructed their attorney, but that, through mistake, he failed to insert or incorporate therein the fact that they were to have the $290 note. This was denied on the part of appellant, however, who testified that he only agreed to assume and pay off the $300 note due the First National Bank; and it further appeared from his evidence that he had declined to give them the Upton note, but had informed them that the same belonged to his wife.

[1] It is urged that the court erred in failing to sustain appellant's special exception above stated. We agree with appellant in this contention. It is clear that plaintiffs were not entitled to recover in any event the full amount of said Upton note sued for, because, as alleged by them, appellant had paid the sum of $113.22 to Horn & Beck in order to obtain possession thereof, and, since they had assumed the entire indebtedness due to Horn & Beck, they were not entitled to recover for the full amount of this note, even upon their own contention, as appellant had paid off a part of said indebtedness in order to obtain possession thereof; for which reason we think the court erred in overruling said demurrer.

[2] Appellant presents in various forms his contention to the effect that the court erred

in permitting plaintiffs to introduce parol testimony to show that the Monroe Upton note was a part of the consideration for the sale and conveyance of said property to appellees, though not expressed in the deed, on the ground that this violated the rule of evidence declaring that parol testimony cannot be introduced to vary, alter, or change a written instrument. As we understand the rule, parol evidence is always admissible to show the true consideration of a deed or other written instrument, and this is one of the exceptions to the rule. It is said in 17 Cyc. p. 648, that: "As a general rule, the recitals of a written instrument as to the consideration are not conclusive, and it is always competent to inquire into the consideration and show by parol or other extrinsic evidence what the real consideration was. Thus it may be shown that the real consideration was in fact greater than that which is expressed in the instrument, or that there was some other consideration in addition to that set forth. * * * It may also be shown that the actual consideration was less than that recited in the instrument, or that there was a want or failure of consideration, either in whole or in part. * * * The principle admitting parol evidence to vary the consideration expressed in a written instrument does not rest upon the ground of fraud, accident, or mistake, and hence it is not necessary, in order to form a basis for the admission of such evidence, that the pleading should contain any allegation thereof." To support this text the author cites Gulf, Colorado & Santa Fé Ry. v. Jones, 82 Tex. 156, 17 S. W. 534; Taylor v. Merrill, 64 Tex. 494; Boren v. Boren, 29 Tex. Civ. App. 221, 68 S. W. 184; Johnson v. Elmen, 24 Tex. Civ. App. 43, 59 S. W. 605.

The same author says, speaking on this subject with reference to deeds of conveyance, that: "Accordingly, it is held by an uncounted multitude of authorities that the true consideration of a deed of conveyance may always be inquired into and shown by parol evidence, for the obvious reason that a change in or contradiction of the express consideration does not affect in any manner the covenants of the grantor or grantee, and neither enlarges nor limits the grant." See, also, 2 Wharton on Evid. § 1044; 1 Greenl. Evid. § 285.

[3] It is elementary, however, that parol evidence may be admitted for the purpose of varying, altering, or changing the terms of a written instrument where a predicate is laid therefor in the pleading; such as an allegation to the effect that the writing did not express the true contract by reason either of fraud, accident, or mistake; and in the present case this predicate was laid in the allegation that the instrument did not set forth the true consideration, on account of the mutual mistake of the parties, for which reason this evidence would also have been admissible we think. See Swantkowski v. Dykowski, 132 S. W. 376; Lynch v. Ortlieb, 70 Tex. 730, 8 S. W. 515; Belcher v. Mulhall, 57 Tex. 17; Self v. King, 28 Tex. 553.

[4] The doctrine contended for on the part of appellant that appellees having alleged a mutual mistake, and the evidence failing to show that there was any mistake on his part, that therefore the evidence was not admissible, does not apply in this case, for the reason that this is not an effort on the part of appellant to reform an instrument and as reformed to enforce the same, but was merely an effort on the part of appellees to show that the true consideration was not set forth in the instrument. For all of which reasons we think that the several assignments presenting these questions are not well taken, and therefore overrule the same.

[5] On the trial plaintiffs Culp and Garrett, over appellant's objection, were allowed to testify that a few days after the trade was closed, and after they had discovered that the note in controversy was not mentioned in the deed, that they each, in the absence of appellant, told Horn & Beck that said note was the property of appellees, and that they had bought it from Syler. They were also allowed to prove, over appellant's objection, by Arthur Horn, a member of the firm of Horn & Beck, that plaintiffs had, in appellant's absence, told him (witness), after they had bought the ice factory, that they had bought the note from Syler, which had been put up by him with their firm as collateral. These declarations on the part of plaintiffs should have been excluded, because they were clearly self-serving and made in the absence of appellant, and were in no sense binding upon him. We do not think that they should be thus allowed to bolster up their view of the case by their ex parte declarations made in the absence of appellant. Wallace v. Berry, 83 Tex. 328, 18 S. W. 595; Porter v. Metcalfe, 84 Tex. 474, 19 S. W. 696. A party's own declarations, made in the absence of the adverse party, are inadmissible in his favor. See Moody v. Gardner, 42 Tex. 414; Solomon v. Huey, 1 Posey, Unrep. Cas. 267.

The other errors assigned are not likely to occur on another trial, for which reason it will be unnecessary to consider them. Believing, however, that the trial court erred as heretofore indicated, its judgment is reversed, and the cause remanded.

Reversed and remanded.