ALSTON et al. v. PIERSON et al.

(Court of Civil Appeals of Texas. Ft. Worth. May 24, 1913.)

1. COVENANTS (§ 14*) — COVENANT AGAINST INCUMBRANCE — "GRANT" — "CONVEY" — IMPLIED COVENANT.

Where the terms "grant" and "convey" were used as a part of the granting clause of a deed, they implied a covenant on the part of the grantor that the land granted was free from incumbrances as provided by Rev. Civ. St. 1911, art. 1112.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 11; Dec. Dig. § 14.*

For other definitions, see Words and Phrases, vol. 2, pp. 1570–1575; vol. 4, pp. 3151–3156; vol. 8, pp. 7618, 7674.]

2. REFORMATION OF INSTRUMENTS (§ 38*)— MISTAKE — COVENANT AGAINST INCUMBRANCES.

Where, in an action against the makers and indorser of certain notes given for the price of school land conveyed by the indorser to the makers of the notes, the latter pleaded an unpaid claim of the state which constituted an incumbrance, the indorser's answer that the makers covenanted to assume and pay such debt, but that the covenant had been omitted from the deed by mistake of the scrivener, was sufficient under the rule that where a mutual mistake is made in drawing an instrument it may be alleged, and if sufficiently proved the instrument may be reformed so as to state the facts and a decree may be rendered thereon accordingly.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 148–150; Dec. Dig. § 38.*]

3. EVIDENCE (§ 419*) — PAROL EVIDENCE — WRITTEN CONTRACTS—DEEDS.

Evidence that grantees of certain school lands agreed to assume and pay an indebtedness to the state constituting a superior lien on the land, though such agreement was omitted from the deed by mistake, was admissible to explain the consideration for the deed independent of the issue of mistake.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1912–1928; Dec. Dig. § 419.*]

4. WITNESSES (§ 379*)—CONTRADICTION—EX PARTE DECLARATION.

In an action on notes given for the price of certain school land, defendant having pleaded an incumbrance consisting of an existing indebtedness to the state which the grantor claimed the grantee had assumed and agreed to pay, the grantee having testified that he not only had not agreed to pay the debt to the state but did not know of its existence, evidence that, after the sale and prior to the maturity of interest payments to the state, the grantee stated to witness that it would soon be time for him to "dig up" the interest money due the state on the land in question, was admissible not only to show that he knew of the existence of the state's debt but that he recognized his obligation to pay it.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1209, 1220–1222, 1247–1256; Dec. Dig. § 379.*]

Appeal from District Court, Stonewall County; Jno. B. Thomas, Judge.

Action by Mrs. M. S. Pierson and others against Otis Alston and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

H. H. Sagebiel, of Ganado, for appellants. Ernest Herring and W. J. Arrington, both of Aspermont, for appellees.

CONNER, C. J. Appellee sued Otis Alston and Durer Alston, as makers, and W. D. Martin, as indorser, of two promissory notes, aggregating, at the date of the judgment, $652.90, given by the Alstons to Martin for

a section of state school land in Reeves county. Neither Martin nor the Alstons contested the plaintiff's right to recover, but the Alstons pleaded over against Martin, alleging that at the time of the purchase they received a regular warranty deed without notice of an indebtedness of $936 due the state of Texas as purchase money which consti,uted a lien on the land, and they prayed for judgment against Martin for the $936 as damages for the breach of the implied covenant against incumbrances. Martin answered that as part of the consideration for the land the Alstons assumed and agreed to pay said indebtedness to the state, and that such agreement had been omitted from the recitals of the deed by the mistake of the attorney who drafted it. The trial was before the court without a jury and resulted in a judgment for appellee M. S. Pierson as prayed for by her with a foreclosure of the vendor's lien on the land mentioned, and also in favor of appellee Martin as to the cross-action of the appellants Alston.

[1] The deed from Martin to Otis and Durer Alston did not recite as part of the consideration therefor any assumption or agreement on the part of the Alstons to pay the indebtedness due the state, which without question constitutes a superior lien on the land conveyed; nor was there any express covenant against incumbrance, but as part of its granting clause the terms "grant" and "convey" were used, which, by force of our statutes on the subject (Revised Statutes, art. 1112), imply a covenant on the part of the grantor that the land granted was free from incumbrances, and appellant's principal contention on this appeal is that the special answer of appellee Martin to appellants' cross-action was demurrable and the evidence in support thereof inadmissible for the reason that both were in opposition to the terms and legal effect of the deed from Martin.

[2] It is clear that the answer was not demurrable, for Martin alleged that the agreement of appellants to pay the debt due the state was omitted from the deed by mistake of the scrivener who wrote it. The rule is well established in equity that, where a mutual mistake is made in drawing an instrument, such mistake may be alleged, and, if sufficiently shown by the evidence, the instrument may be reformed so as to announce the true facts and a decree rendered thereon accordingly. Gammage v. Moore, 42 Tex. 170; Kelley v. Ward, 58 S. W. 207; s. c., 94 Tex. 289, 60 S. W. 311.

[3] Appellee Martin testified specifically that as part of the consideration of the sale the Alstons did assume and agree to pay the state debt as alleged and that the attorney engaged to prepare the deed was so informed and directed to so write the deed, but that he failed to so do. This evidence, regardless

of the issue of mistake, was admissible and sustains the court's judgment on the ground that the consideration of a deed may always be inquired into. See 2 Devlin on Deeds, § 1073; Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Boren v. Boren, 29 Tex. Civ. App. 221, 68 S. W. 184. Appellants' first, second, and fourth assignments of error are, accordingly, overruled.

[4] The only remaining question presented is whether the court properly admitted the testimony of De Etta Martin to the effect that about October 15, 1910, after the sale to the Alstons and prior to the due date in November, 1910, of interest payments to the state on school lands, she heard Otis Alston say "that it would soon be time for him to dig up the interest money due the state on his Reeves county land which he bought from W. D. Martin." Contrary to appellants' objection, we think this testimony was relevant as tending to prove that Otis Alston not only knew of the existence of the state's debt, which he denied, but also recognized his obligation to pay the same.

It follows that the judgment below must be affirmed; but, it appearing that no complaint of the judgment in favor of appellee M. S. Pierson has been or well could be made, it is further ordered that as against appellants the judgment in favor of M. S. Pierson be affirmed with 10 per cent. damages as in such cases is authorized by statute.