### ROBINSON v. STREET.    (No. 539.)

(Court of Civil Appeals of Texas. Beaumont. April 4, 1920. Rehearing Denied April 28, 1920.)

1. **Action ⚫⟾27(1) — Complaint in action for wrongful eviction held to state cause of action in tort, and not in contract.**

A complaint in an action for wrongful eviction of premises held by plaintiff under a written lease for five years, alleging the consideration, that the lessor sold the land to defendant by general warranty deed, and by special covenant agreed to give defendant possession before the expiration of the term, that at the date of the deed plaintiff was in possession, but that his lease was not of record at that time, that defendant at the time of his purchase had actual knowledge of the lease which he verbally agreed to carry out, and that he wrongfully and unlawfully evicted plaintiff from the premises on a certain day, and at once took possession of them, wherefore damages were claimed, *held* to state a cause of action in tort, and not upon contract.

2. **Appeal and error ⚫⟾1071(1)—Finding of legal conclusion as fact held harmless error.**

In an action in tort for wrongful eviction of a lessee by a purchaser, if a finding of fact that the lessor had conveyed only the interest he had to defendant be considered but a legal conclusion, such finding did not constitute prejudicial error.

3. **Covenants ⚫⟾14—Use of words "grant" or "convey" warrants against all incumbrances.**

When the words "grant" or "convey" are used in a deed, the deed warrants against all incumbrances, in view of Rev. St. 1911, art. 1112

4. **Landlord and tenant ⚫⟾180(3)—Lessor held improperly joined as party defendant in action by lessee against lessor's grantee for wrongful eviction.**

In an action for wrongful eviction of plaintiff by lessor's grantee during the life of the lease, where it appeared that lessor had given

a warranty deed to defendant, such fact did not justify the joinder of lessor as a party defendant on motion of defendant.

Appeal from District Court, San Jacinto County; J. L. Manry, Judge.

Action by S. W. Street against J. H. Robinson. Judgment for plaintiff, and defendant appeals. Affirmed.

Geo. E. Gordon, of Cold Springs, and Earle Adams, of Crockett, for appellant.

F. O. Fuller, of Cold Springs, and S. H. German, of Livingston, for appellee.

HIGHTOWER, C. J. The appellee, Street, recovered a personal judgment against appellant, Robinson, in the district court of San Jacinto county, in a trial before the court without a jury, for the sum of $880, from which this appeal was prosecuted.

Appellee was the plaintiff below, and for cause of action against appellant alleged, substantially, that appellant had wrongfully evicted him from certain premises which he had and held under a written contract of lease from one Jim McMurrey, the same consisting of about 320 acres of land, a part of the B. B. Stancel survey in San Jacinto county. According to the lease contract, appellee was to have the premises for a full period of five years, commencing the 1st of January, 1916, and as a consideration for the lease appellee was to pay McMurrey $150 per year for the full period of five years, and also bound himself to erect a tenant house on the premises, and to clear not less than 30 acres more of the uncleared land, and to build a substantial fence around all the cleared land, and to keep the premises in repair.

On June 1, 1916, McMurrey sold the land and premises covered by the lease to appellant, Robinson, by general warranty deed, and by special covenant in the deed agreed to give Robinson possession of the premises by January 1, 1917. At the date of this deed appellee was in possession of the premises under the lease from McMurrey, but the lease was not of record at that time.

Appellee alleged, substantially, that Robinson, at the date of his purchase from McMurrey, had actual knowledge of the contract of lease under which he had and claimed the premises, and knew that under the terms of the lease appellee was lawfully entitled to hold the premises four years longer, that is to say, for the years 1917, 1918, 1919, and 1920; that, notwithstanding appellant's knowledge of this fact, however, he wrongfully and unlawfully evicted appellee from the premises in December, 1916, and at once took possession of same, and has continuously held the same to the exclusion of appellee even since. Appellee alleged that the reasonable market rental value of the entire premises during the four years that he was wrongfully deprived of the same was $1,000 per year, and further claimed damages for the value of the improvements made by him, specifying them, in the sum of $810, all of which he prayed to recover.

Appellant answered by general demurrer, several special exceptions, general denial, and specially alleged that at the date of his purchase from McMurrey he had no notice, actual or constructive, of the lease under which appellee claimed the premises, and further that at the time he took possession appellee had abandoned the premises; and he also further alleged that appellee had forfeited his rights under the lease by subletting the premises without the consent of McMurrey and that of appellant; and he then alleged that after taking possession he made valuable improvements upon the premises, which was permitted by appellee without objection, and that therefore appellee was estopped to assert any rights under the lease. Appellant then set up the fact that his deed from McMurrey contained a clause of general warranty, which bound McMurrey to protect appellant against any and all incumbrances on the premises, including the lease contract upon which appellee based his right to the possession of the premises, and he prayed that McMurrey be made a party to the suit on his warranty, and that, in the event appellee should recover judgment for any amount against him, then he be permitted to recover against McMurrey for the same amount on McMurrey's warranty.

McMurrey was cited, and, after filing his original answer, thereafter filed a pleading which he denominated a "plea in abatement," but which was nothing more than a special exception to appellant's claimed cause of action against him, on the ground that the same constituted a misjoinder of the parties and causes of action, in that Street's cause of action against Robinson was clearly one of tort growing out of an alleged wrongful eviction with which he (McMurrey) was not alleged to have had anything to do, and that such cause of action had no relation or connection whatever with the covenants of warranty contained in McMurrey's deed, and that, if Robinson had any cause of action against him at all, the same could only be properly asserted in a suit based upon breach of the warranty, but could not be asserted properly in this suit over his objection, and he prayed that he be dismissed from the suit. This exception was sustained, and McMurrey was dismissed, to which appellant excepted. There was no contention, however, by appellant that this pleading on the part of McMurrey was not in due order, or came too late, but the only contention made was that appellant was entitled to have his warrantor (McMurrey) vouched in and made to defend his warranty, and to respond to ap-

pellant for whatever amount appellee might recover against him.

Appellee, Street, filed a supplemental petition, in answer to appellant's allegations of abandonment and forfeiture, denying such allegations, and also alleging that both McMurrey and Robinson had full knowledge that he had been subletting portions of the premises to tenants, and that McMurrey, with such knowledge, had accepted the rental due under the lease contract, and that both McMurrey and Robinson had waived any 'right, if any they ever had, to claim such forfeiture, and further that, with full knowledge that he had sublet portions of said premises, both McMurrey and Robinson had allowed him to make improvements thereon and incur large expense in complying with his part of the lease contract.

The trial court, at appellant's request, filed findings of fact and conclusions of law as follows:

### "Findings of Fact.

"First. I find that on August 5, 1915, the plaintiff, S. W. Street, and Jim McMurrey entered into a legal and binding lease contact in writing, by the terms of which the plaintiff, Street, was entitled to the use and possession of the lands and premises in controversy, being a part of the B. B. Stansell survey in San Jacinto county, Tex., containing 320 acres, more or less, for the full period of five years from January 1, 1916.

"Second. I find that the plaintiff, Street, took possession of said lands and premises and held the same during the year 1916, under the terms of the lease contract, and that he held, used, and cultivated said lands during said year by himself and his tenants; that he paid to the said Jim McMurrey the annual rental for the year 1916 as provided in the lease contract.

"Third. I find that, in pursuance of said lease contract and in compliance with its terms, the plaintiff, Street, during the latter part of 1915 and during the year 1916, made valuable improvements on said lands and premises, building thereon one house at a cost of $80, building fences around the improved lands at a cost of $200, and clearing about 20 acres of land at a cost of $300; that said improvements were made by him in fulfillment of his contract; that said expenses were incurred and said improvements made with the full knowledge of Jim McMurrey and of defendant, J. H. Robinson.

"Fourth. I find that on June 1, 1916, Jim McMurrey made a deed to defendant, J. H. Robinson, conveying 320 acres of the B. B. Stansell survey, more or less, including the lands and premises covered by the lease between McMurrey and Street, and which were then in the possession of the plaintiff, Street, under his lease contract. Said deed is the deed offered in evidence and retained a vendor's lien to secure the payment of part of the purchase money for said land. I find that Jim McMurrey by said deed conveyed to defendant, Robinson, only such right under the lease contract as he (McMurrey) had.

"Fifth. I find that at the time of the sale by McMurrey to defendant, Robinson, they both had full knowledge of the lease contract with plaintiff, Street, and they both knew that he had sublet the land and premises, and had tenants thereon, and that they ratified and. confirmed the subletting of the land and premises by their acts and declaration. I find that at the time of the purchase by Robinson he agreed to take care of the lease with Street and to carry out his terms, and that he knew plaintiff, Street, was holding and working the same by tenants.

"Sixth. I find that plaintiff, Street, did not voluntarily abandon his contract, ' or the land and premises, but find that during the year 1916 defendant unlawfully evicted plaintiff from the leased premises, and took possession thereof, and appropriated to his own use the rents and revenues arising from the premises for the year 1917, and ever since said eviction has retained possession of said lands and premises and has appropriated the rents and revenues therefrom. I find that the abandonment of said premises by plaintiff, Street, was by reason of his eviction by defendant, Robinson.

"Seventh. I find that up to the time of his eviction plaintiff, Street, has in good faith performed the conditions of the lease contract on his part, and would have continued to perform and complete the same but for the wrongful acts of the defendant and his eviction from the premises.

"Eighth. I find that there was no forfeiture of the lease contract, either by McMurrey or by defendant, Robinson, by reason of its own terms, or by reason of the plaintiff subletting the land and premises, and I find that McMurrey and defendant, Robinson, waived their right to declare a forfeiture of the lease for either of said reasons, but that they ratified and confirmed the lease contract as performed by plaintiff, Street.

"Ninth. I find that by reason of the unlawful eviction of plaintiff by defendant, Robinson, plaintiff has been damaged in the sum of $880 over and above all amounts with which he is chargeable.

### "Conclusions of Law.

"In view of the foregoing findings of fact, I conclude that, as a matter of law, plaintiff is entitled to recover judgment for the sum of $880 and all costs of said suit, and judgment is rendered accordingly."

[1] The first, third, and fourth assignments of error found in appellant's brief proceed upon the theory or conception of appellant that appellee's cause of action, as asserted against him, was for breach of contract, in that the appellee was contending by his pleading that appellant was a party to the contract of lease between McMurrey and appellee, in that appellant agreed and promised and bound himself to assume and carry out the contract of lease at the time he purchased the premises from McMurrey, and that when appellant thereafter wrongfully evicted appellee and refused to perform said contract by permitting appellee to remain in possession of the premises, appellant was · guilty of a breach of such contract, and that, since it was claimed by appellee, not that the assumption of such contract by appellant

was in writing, but, on the contrary, was only verbal, the statute of frauds rendered such claimed contract on appellant's part void, and prevented any recovery by appellee on account of its breach. Of course, if the cause of action asserted by appellee against appellant was based upon an oral agreement or contract on appellant's part to carry out and perform and complete the contract of lease made between McMurrey and appellee, which was for a longer period than one year, appellant's contention would be correct, and appellee could recover nothing against appellant because of the latter's failure or refusal to carry out such contract; but, as we construe the cause of action asserted by appellee against appellant, it is not one for breach of contract, verbal or written, on appellant's part, but, on the contrary, is for tort on appellant's part in wrongfully evicting appellee from the premises, which he claimed and held under the written contract of lease from McMurrey. It is true that appellee alleged, substantially, among other things, that at the time appellant purchased the premises from McMurrey in June, 1916, he had knowledge of appellee's rights under the contract of lease, and that he verbally promised and agreed to carry out and perform the contract as McMurrey had bound himself to do. But the pleading of appellee, construed as a whole, shows, we think, that appellee's cause of action against appellant is not based upon a breach of such verbal contract, but upon the wrongful and tortious act of appellant in evicting him from the premises with knowledge on appellant's part that appellee was entitled to the possession of same by reason of the contract with McMurrey. If this construction of appellee's pleading be correct, and we have no doubt of its correctness, the first, third, and fourth assignments must be overruled.

The fifth, sixth, seventh, ninth, tenth, eleventh, and thirteenth assignments challenge findings of fact made by the trial court, on the ground that such findings have no sufficient basis in the evidence. All such findings of fact challenged by these several assignments relate to separate and distinct issues of fact, and they are followed by the lone proposition:

"Any finding of fact, duly excepted to, and which is not supported by legal and sufficient evidence, cannot be the basis for a judgment, and where a statement of facts is filed which shows such finding to be erroneous, the Court of Civil Appeals will make the proper finding and enter the proper judgment."

After this proposition, there is found in appellant's brief what purports to be a statement relative to these several assignments. Such purported statement does not comply with the rules governing the briefing of cases in this court, and is entirely insufficient to warrant consideration by this court of the several assignments to which the statement is supposed to relate. If, however, such statement should be deemed sufficient to warrant such consideration, still we have concluded that each finding of fact attacked by these assignments has sufficient basis in the evidence, and that this court would not be warranted in holding otherwise.

[2, 3] The eighth assignment (denominated seventh in appellant's brief) complains that the court erred in finding as a fact that McMurrey only conveyed the interest he had in the land to Robinson, because same was a legal conclusion, and not a finding of fact, and because, McMurrey having warranted the title against incumbrances, if Street's lease was sustained, it constituted an incumbrance. Let it be conceded that this so-called finding of fact by the trial court was but a legal conclusion; it does not appear that appellant was in any manner prejudiced thereby. Appellant, under this assignment, asserts a correct legal proposition, to the effect that, when the words "grant" or "convey" are used in a deed, it warrants against all incumbrances, and it is a fact that such words were used in the deed from McMurrey to Robinson. R. S. art. 1112; Alston v. Pinson, 158 S. W. 1165; Devlin on Deeds, §§ 905, 906.

The twelfth assignment complains that the judgment in appellee's favor is excessive. This assignment is followed by a brief statement which is possibly sufficient to warrant consideration, and we have so treated it, but overrule the assignment, holding that the evidence is clearly sufficient, if given credence by the trial court, as undoubtedly it was, to warrant the amount of the judgment. In connection with this assignment, it is assumed by counsel for appellant that there was only 40 acres at most of the land that had any value to appellee under the lease contract, and that this 40 acres was not worth in excess of $5 per acre per annum. In this assumption appellant is wrong, and the assignment is overruled.

[4] The second assignment, which is the last found in appellant's brief, complains of the trial court's action in dismissing McMurrey from the suit; the contention being that the general warranty deed from McMurrey to appellant, containing the words "grant" and "convey," gave appellant the right to make McMurrey a party to this suit and have him respond on his warranty. As stated above, the appellee's suit against appellant was one for wrongful eviction; in other words, was an action based upon tort committed by appellant, in which McMurrey was not claimed by any party to this suit to have participated, and by reason of such tortious act on appellant's part he got possession and has continuously held the premises in question from appellee, and appellee has been deprived by such tortious act of

the value of the premises to him for the full period of time during which he was entitled to possession under his binding contract with McMurrey. Now, the contention of appellant is, in effect, that even though he was guilty of a wrongful and tortious act in evicting appellee from the premises, to the possession of which he was legally entitled, and notwithstanding also the fact that McMurrey was in no way connected with or responsible for appellant's tort, and also notwithstanding the fact that appellant has continuously held the possession of the premises and has appropriated to his own use and benefit the value of the same, nevertheless McMurrey must respond to him in damages to whatever extent appellee was entitled to recover against him. Appellant has cited several authorities upon which he relies in support of such contention, but, without discussing them, we think that none of them have any tendency to support the contention. It may be that appellant, under these facts, would have some character of cause of action against McMurrey, which, however, we doubt, but, if so, surely McMurrey would not, upon any sound legal or equitable principle, be responsible in damages for a tort committed by appellant, in the commission of which McMurrey in no manner participated. If appellant has any cause of action whatever against McMurrey under the facts of this case, it would, of course, have to be based upon a breach of covenant, the assertion of which would, we think, have no place in this suit by appellee against appellant based solely upon a tortious and wrongful act upon the part of appellant. McAllister v. Sanders, 41 S. W. 388.

This disposes of all assignments, and results in an affirmance of the judgment, and it will be so ordered.