## HODDE v. ANDERSON.

### No. 10416.

Court of Civil Appeals of Texas. Galveston.

April 22, 1937.

Hodde & Bouldin, of Brenham, for appellant.

Richard Spinn, of Brenham, for appellee.

GRAVES, Justice.

While no written opinion is required of this court under the disposition of the cause it has determined upon, in deference to helpful aid from both sides in ably briefing it for submission, this statement of the general ground upon which an affirmance will be ordered is made:

The appeal is from a $57 recovery awarded the appellee against the appellant by the court below upon its own find-

ings upon the evidence, and upon those of the jury in response to special issues, as follows:

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that A. D. Anderson did rent from Anton Jozwiak two acres of land on his farm before said farm was sold by Anton Jozwiak and wife to F. H. Hodde?

"To which the jury answered: 'Yes'.

"Special Issue No. 2.

"Do you find from a preponderance of the evidence that F. H. Hodde had knowledge or was informed at or before the time he purchased said farm from Anton Jozwiak and wife that A. L. Anderson had two acres of said farm rented?

"To which the jury answered: 'Yes'.

"If you have answered the above two issues 'Yes', then you will answer the following:

"Special Issue No. 3.

"What do you find to be the reasonable market value of the corn and fodder crop? Answer in dollars and cents.

"To which the jury answered: '$50.00'.

"Special Issue No. 4.

"What do you find to be the reasonable market value of the cane crop? Answer in dollars and cents.

"To which the jury answered: '$7.00.'"

In addition to the value of the crops—grown upon the two acres in the circumstances so found by the jury—the appellee had further sued for exemplary damages of $150, claimed to have been sustained by him as a result of the alleged ruthless manner in which the appellent—although fully aware of his rights in such crops—had not only denied him the right to go upon the land for the purpose of using or possessing them, but had further converted them to his own use; the court, however, upon the facts as presumably found by it direct, denied any additional recovery upon that ground.

There is no attack upon the quoted findings of the jury as not supported by the evidence, nor could there have successfully been, since a perusal of the statement of facts discloses that it was ample; the appellant's reliance for a reversal is grounded upon contentions to the effect that his grantors, Anton Jozwiak and wife, should have been made parties to the suit, that his general demurrer to the appellee's petition should have been sustained, as well as his plea to the jurisdiction of the court, in that the appellee's real cause of action was limited to the alleged value of $72.50 of the crops, the claim of $150 exemplary damages having been added for the sole purpose of attempting to confer jurisdiction of this cause upon the county court; and, further, that his special exception to paragraph 3 of the appellee's petition should have been sustained.

Without undertaking a seriatim discussion of these presentments, this extract from the answering brief of the appellee is quoted with approval as constituting good and sufficient reasons for the affirmance of the judgment so rendered:

"Appellant takes the position that appellee sued upon a rental-contract breached by the appellant, and that this suit is one on breach of rental-contract; in truth and in fact, as the pleadings of appellee reveal, the suit is a cause of action against the appellant upon a tort and conversion committed by the appellant, in that appellant, fully aware and informed of the appellee's right in and to the crops grown and matured on said rented premises, such information having been given to the appellant before he purchased the entire farm, of which the two rented acres were a part, denied the appellee the use and possession of said matured crops, converted same to his own use and benefit, without the consent of the appellee, and in total disregard of the plaintiff's right and title to said crops; nowhere is it alleged that Anton Jozwiak and wife participated in the commission of such tort, the pleadings showing entirely the contrary. The acts and conduct of F. H. Hodde, appellant, as alleged in appellee's pleadings, reveal a conversion of said property and a tort on the part of the appellant, committed against this appellee. As stated in 27 Tex.Jur. § 166, p. 291: 'Where the lessor has sold the premises and the lessee has been evicted by the vendee, the lessee's cause of action is one of tort against the vendee.' And in Robinson v. Street (Tex. Civ.App.) 220 S.W. 648, it is held that 'Lessor held improperly joined as party defendant in action by lessee against lessor's grantee for wrongful eviction'; court therein saying that the acts of the lessor's grantee in wrongfully evicting the lessee amounted to a tort, in which the lessor was not shown to have in any way participated; in said case the grantee of the lessor was informed and had notice

of the rights of the lessee in and to the premises."

Affirmed.