**WHITEHEAD v. WELDON et al. (No. 6778.)**

(Court of Civil Appeals of Texas, July 5, 1924. Rehearing Denied Oct. 8, 1924.)

**1. Evidence ☞419(2) — Admission of parol evidence to vary consideration of deed does not require plea of fraud, accident, or mistake.**

The admission of parol evidence to vary consideration recited in a deed is admissible without allegation of fraud, accident, or mistake.

**2. Evidence ☞383(7), 419(2)—Generally recitals of deed are not conclusive as to real consideration, and inquiry by parol may be resorted to.**

Generally recitals of a deed are not conclusive, and inquiry by parol and extrinsic evidence may be resorted to to show real consideration.

**3. Evidence ☞419(4)—Agreement by grantee to discharge judgment constituting incumbrance on land conveyed to him, held provable by parol.**

An agreement by grantee as part of consideration to discharge a judgment constituting an incumbrance on land conveyed to him, not expressed in deed, could be shown by parol.

**4. Appeal and error ☞232(2)—Objection to admission of parol testimony to vary written contract not considered for want of objection below.**

Objection that parol testimony varied terms of written contract for exchange of real property could not be considered on appeal, where only objection below was that parol testimony adduced varied terms of deed; executed in consummation of contract.

**5. Deeds ☞94—Deed executed pursuant to contract of exchange held to merge all previous negotiations oral or written.**

Deed, by which grantors conveyed land to grantee in fulfillment of a contract of exchange, became final contract between the parties into which all previous negotiations, oral or written, became merged, and became only repository and appropriate evidence of their agreement.

**6. Judgment ☞918—Burden held on grantors to show that grantee agreed to pay judgment as part of consideration for conveyance.**

In a suit by assignee on a judgment, which was defended on ground that plaintiff agreed to pay it as part of consideration for conveyance of land to him, burden was on defendants to prove such defense.

**7. Judgment ☞920—Burden on grantor to prove that grantee agreed to discharge judgment as part of consideration of conveyance, held not sustained.**

In a suit by assignee on a judgment defended on ground that plaintiff agreed to pay it as part consideration of a conveyance of land to him, burden on defendants to prove such defense held not sustained by the evidence.

Appeal from San Saba County Court; W. V. Dean, Judge.

Action by C. B. Whitehead against C. A. Weldon and others. From an adverse judgment, plaintiff appeals. Reversed and remanded with instructions.

Walters & Baker and S. W. Hughes, both of San Saba, and J. E. Shropshire, of Brady, for appellant.

N. C. Walker, of San Saba, for appellees.

BLAIR, J. Appellant instituted this suit, November 13, 1920, to revive a dormant judgment against appellees. His petition alleges that on May 31, 1916, the Bank of Mercury recovered a joint and several judgment against appellees, C. A. Weldon, R. B. McCarty, and T. L. Sansom, in cause No. 195, in the county court of San Saba county, for $383.68; that no execution was issued within 12 months after rendition thereof; that in 1920 he purchased the judgment paying a valuable consideration.

Appellees McCarty and Sansom pleaded and proved suretyship on the note upon which the judgment obtained, and asserted special defenses not necessary to mention here. They joined with appellee Weldon in his answer, which alleged as a defense that the said bank abstracted the judgment, filed and recorded it in the judgment records of San Saba county, April 2, 1916; that prior to that time Weldon was the owner of 409 acres of land in said county, describing it; that he

thereafter, on September 14, 1916, sold it to appellant, who assumed and agreed to pay this judgment as a part of the consideration for said land; that appellant thereafter paid the judgment to the Bank of Mercury, and thereby discharged his debt and contract, and should not recover in this suit.

The cause was tried to a jury upon special issues, No. 3 of which and the answer of the jury thereto are as follows:

"In the exchange of land between the plaintiff, C. B. Whitehead, and C. A. Weldon, did the plaintiff, C. B. Whitehead, agree to assume and pay the judgment sought to be revived in this cause?" Ans: "Yes."

From an adverse judgment rendered on this answer of the jury appellant has duly perfected his appeal, complaining, first, that the court erred in permitting appellees, over his objection, to establish the special defense pleaded in bar of his suit as above set out by parol testimony, which contradicted, added to, and varied the terms of the deed conveying the 409 acres, executed by appellee Weldon and wife to appellant; the said answer alleging no fraud, accident, or mistake as to why such agreement to assume and pay off the judgment was not incorporated in the deed.

[1] This complaint is not sustained. The principle admitting parol evidence to vary the consideration recited in a deed does not rest upon the ground of fraud, accident, or mistake; and therefore it is not necessary, as a basis for the admission of such evidence, that the pleading should contain such an allegation. Stamper v. Cornett (Ky.) 121 S. W. 622; Ry. Co. v. Jones, 82 Tex. 156, 17 S. W. 534; Taylor v. Merrill, 64 Tex. 494; Springman v. Hawkins, 52 Tex. Civ. App. 249, 113 S. W. 966; Boren v. Boren, 29 Tex. Civ. App. 221, 68 S. W. 184; Johnson v. Elmen, 94 Tex. 174, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845.

[2] As a general rule, the recitals of a deed are not conclusive as to consideration, and inquiry by parol and extrinsic evidence may be resorted to to show the real consideration. 22 C. J. 1157, and cases cited under note 53.

[3] The testimony on this issue showed that the deed made no mention of the assumption or agreement of appellant to pay off and discharge this judgment, constituting at the time an incumbrance against the 409 acres of land conveyed by appellee Weldon and his wife to appellant. Weldon and wife both testified that, as a part of the consideration for the land, appellant was to assume this incumbrance; while appellant denied it. The jury found he made the agreement. The rule is that such an agreement may be shown, although not expressed in a deed, and this is true notwithstanding the deed contains a covenant of warranty, or a general war-

ranty which implies a covenant against incumbrances. The reason for the rule is that, although the lien for the incumbrance still existed, it is not so as between the parties, for the equitable principle that that is considered as done which ought to be done applies, and as between them the lien should be considered discharged under their agreement. Johnson v. Elmen, supra; Morriss v. Hesse (Tex. Civ. App.) 210 S. W. 710 (this point was approved in this case by the Commission of Appeals in 231 S. W. 318); Kleck v. Kleck (Tex. Civ. App.) 246 S. W. 720.

[4] The next complaint is that the testimony introduced not only varied the terms of the deed, but also the terms of the written contract entered into between appellant and appellee Weldon and wife for the exchange of their real properties.

It is undisputed that appellee Weldon and wife and appellant entered into a written contract for the trade and exchange of their real properties, appellee Weldon and wife agreeing to convey by deed the 409 acres of land above mentioned for some Fort Worth property owned by appellant, which he agreed to convey to them by deed. This contract was lost, and parol evidence was introduced by appellant to the effect that it contained the same stipulations as to consideration as did the deed; that it furnished the basis for the calculation of the consideration in the deed, and contained the entire consideration agreed upon; and that no mention was made in it of this assumption agreement. Appellee Weldon and wife testified that they did not know if it contained the special agreement pleaded, Mrs. Weldon testifying that it and the deed should have contained such agreement, and that if it was left out, she did not know why.

Appellant insists that this written contract of exchange and the deed from Weldon and wife to him should be construed together as being contemporaneous written instruments, relating to the same subject, and, so construing them, the parol testimony introduced to establish the special defense pleaded, on which the adverse judgment was rendered, would not only contradict, etc., the terms of the deed, but would also contradict, add to, and vary the terms of this written contract by parol evidence. It is also contended that this written contract was entirely executory, and the execution of the deed was merely a step incident to its full performance.

These contentions are without merit. Appellant made no objection to the parol testimony adduced to establish the special defense pleaded, because it varied the terms of the written contract of exchange of properties between them, but only that it varied the terms of the deeds thereafter executed in consummation of the contract, and such question is therefore not before us on this appeal. Ry. Co. v. Haberlin, 104 Tex. 57, 133 S. W. 873.

[5] The contract of exchange is not a contemporaneous written instrument relating to the same subject as contended by appellant; but, under a familiar rule of law, the deed from Weldon and wife to appellant conveying the 409 acres of land in fulfillment of the said contract of exchange became the final contract between the parties into which all previous negotiations, whether written or oral, became merged, and such final contract became the only repository and appropriate evidence of their agreement. Luckenback v. Thomas (Tex. Civ. App.) 166 S. W. 102; Earle v. Marx, 80 Tex. 42, 15 S. W. 595; Milliken v. Callahan Co., 69 Tex. 205, 6 S. W. 681; Johnson v. Clarkson (Tex. Civ. App.) 30 S. W. 71; Walker v. Brosius (Tex. Civ. App.) 90 S. W. 655; Ry. Co. v. Dunlop, 86 Va. 346, 10 S. E. 239; Harper v. Lott Town Improvement Co. (Tex. Com. App.) 228 S. W. 193.

Appellant's third complaint, that the evidence adduced to establish the special defense pleaded is insufficient to support the verdict of the jury, and the judgment of the trial court thereon, is sustained. We have concluded that we must reverse and remand the case for this reason, and will therefore pretermit a detailed discussion of the facts.

[6-7] The burden was upon appellees, under their pleadings, to establish the allegation that appellant agreed to assume and pay off and discharge the judgment in suit as a part of the consideration moving to Weldon for his land. This we think they failed to do. No proof was offered showing at what stage of the negotiations such agreement was made. Appellant testified that the terms of the contract of exchange were agreed upon while on the train returning from Fort Worth, where appellee Weldon and his wife had been with him to see the property he was trading them. Mrs. Weldon says that the judgments were mentioned at this time, and that appellant agreed to assume and pay them off. There were two of the judgments between the same parties, aggregating about $1,000, obtained in the same court at the same term. Appellant says that they were not mentioned, and he knew nothing of their existence until after the trade was closed. The jury found that he made the assumption agreement, which was tantamount to a finding that he did know, for he could not have assumed their payment unless he knew about them. The contract was executed after their return from Fort Worth. Appellee Weldon testified that the question of consideration was discussed numerous times, and that appellant agreed to pay the judgments before he took the deed, but did not attempt to state, nor was he asked, when such agreement was made with reference to whether before ·or after the execution of the contract of sale and exchange. If the agreement was made before the contract of exchange was executed, then the contract under the rule above announced became the best evidence of their agreement; for into it must merge all prior negotiations between the parties leading up to such written contract, and it became the only repository and appropriate evidence of their agreement at that time. Harper v. Lott Town Improvement Co., supra. This contract was not introduced, being lost; but its contents were proved by appellant to be the same as to consideration as that recited in the subsequent deed from Weldon and wife to him. Weldon did not admit that the contract did not contain such agreement. Mrs. Weldon testified that, if the contract and deed did not contain such agreement, they should have done so.

Under such facts we do not feel that we can let the judgment stand; neither do we feel warranted in rendering judgment on the facts. If the evidence should disclose that the alleged agreement of appellant to pay off and discharge the judgment sought to be revived in this suit was made after the execution of the written contract of exchange and before the execution of the deed of conveyance constituting the final contract of the parties, then the rule announced in ·the Johnson-Elmen Case, supra, would apply, and the jury's verdict and the court's judgment based thereon must be sustained. Although appellant insists, not without reason, that appellee Weldon's admission of the price per acre allowed for his land and the price he admits he was to pay for the property he was to receive in exchange, as a mathematical proposition, refutes his contention that another $1,000 was coming to him as consideration, yet such might be agreed upon, and the fact that appellant knew of the judgments incumbering the land when he purchased it might lead the jury to conclude that some contract or agreement was made about them.

The special defenses pleaded by the sureties were conclusively determined against them by the jury's answer to other special issues submitted thereon. We therefore reverse and remand the cause, with instructions to the trial court to only try the special defense asserted as to the assumption and agreement of appellant to pay off and discharge the judgment, in accordance with the rules of law announced in this opinion.

Reversed and remanded, with instructions.