**CRAYTON et al. v. PHILLIPS.    (No. 7145.)**

Court of Civil Appeals of Texas. Austin.
July 20, 1927.

Rehearing Denied Aug. 6, 1927.

**1. Judgment ⟨⟫735—Where neither pleadings nor evidence referred to deed's provision for annual stipend to grantors, judgment of partition held not to adjudicate such matter.**

In action of trespass to try title and for partition, where neither pleadings nor evidence referred to annual stipend provided for grantors by deed, judgment settling effect of such deed did not adjudicate such matter, but to make such judgment more clear, judgment may be reformed so as to specifically decree no adjudication thereof.

**2. Appeal and error ⟨⟫1153—Judgment partitioning land on request of parties alone concerned will be reformed on appeal to partition land among them.**

In action of trespass to try title and for partition, where appellants alone were interested in partition of certain land, on complaint that judgment did not divide it, judgment giving them certain land will be reformed to specifically decree partition of their respective interests.

**3. Deeds ⟨⟫114(5)—General warranty deeds of undivided 100 acres by grantors who had already conveyed 150 acres out of original aggregate of 368 acres held to convey 100 acres from remaining tract.**

Where grantors had already conveyed 150 acres out of original five tracts, aggregating 368 acres, to their children, deeds to two other children with general warranty, conveying undivided 100 acres, conveyed 100 acres as called for thereby, and were not subject to deduction based on proportion of tract already conveyed.

**4. Deeds ⟨⟫114(5)—General warranty deed conveying specific number of undivided acres in land from which part has already been conveyed conveys good title to amount specified.**

General warranty deed, conveying specific number of undivided acres out of larger, or several tracts, of land, from which grantor has already conveyed part, conveys good title to grantee to his complement of acres out of remainder of land.

**5. Descent and distribution ⟨⟫98—Deeds to grantor's children held to convey land as advancement.**

Deeds by mother to sons of 50 acres out of undivided tract, in view of deeds to other children and other evidence, *held* intended to convey to them land as advancement, and not land which they inherited from their deceased father.

**6. Evidence ⟨⟫413—Striking parol evidence that deeds were intended to convey land grantees inherited from father held proper.**

In action of trespass to try title and for partition in which deeds from mother to sons conveying 50 undivided acres to each from larger tract were in evidence, her parol evidence that they were intended to convey interest which sons inherited from their father was correctly stricken out as varying terms of deed.

**7. Partition ⟨⟫73—Partition decree ordering commissioners to set apart 100 acres according to decree and law held not to direct setting it aside without regard to value.**

In action of trespass to try title and for partition decree, ordering commissioners to set apart to certain party 100-acre undivided interest in accordance with decree and law *held* not erroneous as requiring them to set it aside without regard to its value, and if commissioners do not follow decree and law, injured party may object to their report.

**8. Appeal and error ⟨⟫1073(7)—Taxing part of attorney ad litem's fee against defendants in partition suit held harmless, in view of division of other costs.**

In action of trespass to try title and for partition, in which court partitioned land, error, if any, in requiring certain defendants to pay part of attorney ad litem's fee for representing minor heirs of deceased defendant was harmless, in view of fact that they were taxed only with part of costs of action, where they should have been taxed with all costs up to final judgment.

**9. Partition ⟨⟫114(1)—Plaintiff, succeeding in partition suit, should have costs up to final judgment; costs of partition being payable pro rata by those taking land.**

Where defendants litigate partition suit, plaintiff succeeding should have judgment for costs up to final judgment, and costs of partition should be paid pro rata by those taking in partition.

---

⟨⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. Costs ☞238(2)—On affirmance of judgment reformed solely for appellants, on questions first raised on appeal, appellants must pay costs of appeal.**

In action of trespass to try title and for partition, where trial court's judgment was affirmed except for reformation in certain respects, solely for benefit of appellants, on questions raised for first time on appeal, costs of appeal will be assessed against appellants.

Appeal from District Court, Milam County; John Watson, Judge.

Suit by E. B. Phillips in trespass to try title and for partition against Lizzie Crayton and others. From the judgment below, defendant Lizzie Crayton and others appeal. Reformed and affirmed.

W. A. Morrison, of Cameron, for appellants.

E. A. Camp, of Rockdale, and E. A. Wallace, of Cameron, for appellee.

BLAIR, J. The parties are designated appellants and appellee.

The suit is one in trespass to try title and for partition of certain lands and arose out of the following facts: After the marriage of Mack and Lizzie Crayton they acquired by separate purchases five contiguous tracts of land in Milam county, aggregating 368 acres. They had seven children, Felix, H. J., S. M., Jerry, and William Crayton, sons, and two daughters who are now Ada Bailey and Jennie Bradford. By a deed, dated October 10, 1890, Mack Crayton conveyed to his son, Felix, a designated 40 acres out of the 368 acres. By separate deeds, dated September 24, 1904, Mack and Lizzie Crayton conveyed to their sons, H. J. and S. M., each a designated 50 acres out of the 368 acres. The above deeds contained covenants of general warranty, but the one to S. M. Crayton provided that he should pay grantors during their lifetime an annual stipend of $35, and recited a lien upon the crops raised on the land to secure its payment. Mack Crayton died intestate in 1916, leaving his widow, Lizzie, and their seven children surviving him, and the widow continued to live on the portion of the land not theretofore deeded to the three sons, or on about 228 acres of the original 368 acres. In February, 1917, the son S. M. Crayton died intestate, leaving as survivors his widow, Octavia, and several children, and his widow continued to occupy the 50 acres deeded to him on September 24, 1904. By a general warranty deed, dated March 8, 1917, Lizzie, the widow of Mack Crayton, conveyed to her son William an undivided 50 acres out of the original 368 acres, the deed describing by metes and bounds the original five tracts. By a general warranty deed, dated August 3, 1917, Lizzie, the widow of Mack Crayton, and her son, Jerry, conveyed to the sons, Wil-

liam and H. J. Crayton, an undivided 50 acres out of the 368 acres, the deed describing by metes and bounds the original five tracts. By a general warranty deed dated November 17, 1917, Lizzie, the widow of Mack Crayton, joined therein by all of her children, except S. M. Crayton, deceased, conveyed to her son Felix a designated 10 acres out of the 368 acres. William and H. J. Crayton mortgaged to W. W. Clarke the undivided 100 acres conveyed to them by the deeds dated March 8, 1917, and August 3, 1917, which said undivided 100 acres was later sold to appellee under an order of the district court of Milam county in satisfaction of the mortgage debt. Appellee then brought this suit in trespass to try title and for partition against the widow, Lizzie Crayton, and her six living children above named, and against Octavia, the widow of the deceased son, S. M. Crayton, and her children. All of the defendants, except Felix Crayton, who made default, answered in the suit either in person or by attorney ad litem, and at the conclusion of the evidence the court instructed the jury to award to Octavia, widow of S. M. Crayton, and her children, the 50 acres deeded to S. M. Crayton on September 24, 1904, to award to H. J. Crayton the 50 acres deeded to him on September 24, 1904, to award to Felix Crayton the 50 acres deeded to him by the deeds dated October 10, 1890, and November 17, 1917, to award to appellee an undivided 100 acres out of the original five tracts aggregating 368 acres, after deducting therefrom the three tracts of 50 acres each specifically awarded as above stated, and to award to the widow, Lizzie Crayton, and her daughters, Ada Bailey and Jennie Bradford, the remainder of the land, and as between appellee and Lizzie Crayton, Ada Bailey, and Jennie Bradford, the remaining 218 acres was ordered partitioned so as to set apart to appellee a "100-acre undivided interest" therein.

[1] Lizzie Crayton, Ada Bailey, and Jennie Bradford alone have appealed, and contend that the judgment by awarding to Octavia and her children the 50 acres deeded to S. M. Crayton, deceased, undertook to and did adjudicate the matter of the $35 annual stipend provided for in the deed, without any pleadings or evidence thereon. Since there was neither pleadings nor evidence in reference to the matter, we think there was no adjudication of it, but since the question is here raised for the first time, and in order to make the judgment more explicit, we order that it be reformed so as to specifically decree no adjudication of the matter.

[2] Appellants also complain that they were entitled under their pleadings and evidence to a partition amongst themselves of their respective interests in the land awarded to them. They filed no motion for a new trial,

and otherwise than by prayer for a partition they did not in any manner inform the trial court, so far as is disclosed by the record, that they desired a partition of their respective interests amongst themselves, and if the court ignored their rights in this respect, its action in doing so was apparently acquiesced in by appellants. They alone are interested in the matter, and we will here reform the judgment so as to specifically decree a partition of their respective interests in the land awarded them, and the trial court will instruct the commissioners appointed to make the partition, taking into consideration the homestead interest of Lizzie Crayton.

[3, 4] Appellants further contend that since Mack and Lizzie Crayton had already conveyed 150 acres out of the original five tracts aggregating 368 acres, the deeds under which appellee claims only conveyed an undivided 100 acres less $^{150}\!/_{368}$ of the 100 acres, or about 59.3 acres. In other words, appellants contend that the undivided 100 acres conveyed to appellee's predecessors in title should be floated over the entire 368 acres, rather than floated over the remainder of the tracts after deducting the 150 acres theretofore deeded by Mack and Lizzie Crayton to their three sons. The contention is without merit. The law is well settled that where one conveys by general warranty deed a specific number of undivided acres out of a larger or several tracts of land, from which grantor has already conveyed a part, the deed conveys to grantee good title to his complement of acres out of the remainder of the land.

[5, 6] Another contention of appellants is that the two deeds each conveying an undivided 50 acres to appellee's predecessors in title were only intended to convey to the sons named as grantees the interests which they inherited from their deceased father. The contention is without merit. The deeds from Lizzie Crayton were not necessary to convey the interests which the sons inherited from their father, and the evidence is practically undisputed that the purpose of the six abovementioned deeds was to convey as advancements out of the 368 acres 50 acres to each of the children of Mack and Lizzie Crayton, leaving the remaining 118 acres for the two daughters, Ada Bailey and Jennie Bradford; and it was upon this evidence that the court based its instructed verdict. It is true in this connection that Lizzie Crayton testified that she only intended, by the two deeds conveying the sons named grantees each an undivided 50 acres, to convey the interest which they inherited from their father, but this evidence was correctly stricken out upon the ground that it varied the terms of the deeds, which were unambiguous, and which were not attacked by either pleadings or proof for fraud or mistake, and under such circumstances the parol evidence was not admissible. Ladd v. Farrar (Tex. Sup.) 17 S. W. 55; Galveston H. & S. A. Ry. Co. v. Pfeuffer, 56 Tex. 66; Salado College v. Davis, 47 Tex. 131; Weir v. McGee, 25 Tex. Sup. 20; Davis v. George, 104 Tex. 106, 134 S. W. 326; Clark v. Gregory, 87 Tex. 189, 27 S. W. 56; Herman v. Dunman (Tex. Civ. App.) 95 S. W. 80; Yarbrough v. Clarkson (Tex. Civ. App.) 155 S. W. 954; Johnson v. Johnson (Tex. Civ. App.) 147 S. W. 1167.

[7] Appellants further complain that the judgment awards and orders partitioned to appellee 100 acres out of the 368 acres remaining after deducting the 150 acres deeded to the children, named above, without regard to its value. The decree for partition does not specifically order the commissioners appointed to set apart to appellee 100 acres out of the 218 to be partitioned without regard to its value as contended for by appellants, but simply orders them to set apart to him a "100-acre undivided interest * * * in accordance with this decree and law." The law requires the commissioners to set apart to appellee such number of acres out of the 218 to be partitioned as will in value equal the "100-acre undivided interest" decreed by the court. If they do not follow the decree and the law in this respect, appellants have their remedy, since they may contest the report of the commissioners.

[8] Appellants further complain that the court assessed as costs against them $^{118}\!/_{218}$ of the $10 attorney ad litem's fee for representing herein the minor heirs of S. M. Crayton, deceased. If the court erroneously taxed this small amount of costs against appellants, which question we find unnecessary to decide, the error is harmless since the court only taxed appellants with $^{118}\!/_{218}$ of the costs of "this action"; whereas they should have been taxed with all costs up to final judgment herein, because they unsuccessfully contested appellee's interest in the land and his right to a partition of that interest.

We quote the following from our opinion in the case of Edds v. Edds, 282 S. W. 641 (writ of error refused), on this question:

"'Where defendants litigate a partition suit, it is proper on the plaintiff succeeding that he have judgment for his costs up to the final judgment, the costs of partition to be paid pro rata by those taking in partition.' Askey v. Williams, 74 Tex. 294, 11 S. W. 1101, 5 L. R. A. 176; King v. Bock, 80 Tex. 156, 15 S. W. 804; Richmond v. Simms (Sims) (Tex. Civ. App.) 144 S. W. 1142; Zarate v. Villareal (Tex. Civ. App.) 155 S. W. 328; Perry v. Rogers, 52 Tex. Civ. App. 594, 114 S. W. 897."

[9] The costs of partition have not yet accrued in this case, and when they have the court may tax them in accordance with statutory provision and the rule announced in the above cases.

[10] Other complaints are made against the judgment, but they are without merit and are overruled, and the trial court's judgment as herein reformed will be affirmed, and since each reformation is solely for the benefit of

appellants, and raised for the first time in this court, the costs of this appeal will be assessed against appellants.

Reformed and affirmed.