**ROGERS et al. v. ROGERS.** (No. 7217.)

Court of Civil Appeals of Texas. Austin.
May 2, 1928.

Rehearing Denied May 23, 1928.

**1. Deeds ⬦94—In absence of fraud, accident, or mistake, unambiguous deed is sole repository of terms of agreement.**

In the absence of pleadings of fraud, accident, or mistake in its execution, a deed which is unambiguous is sole repository of the terms of the agreement of the parties and the only appropriate evidence thereof.

**2. Deeds ⬦93—Intention of parties to unambiguous deed must be gathered from instrument, absent fraud, accident, or mistake.**

Where deed is unambiguous and fraud, accident, or mistake in its execution is not pleaded, intention of parties must be gathered from instrument itself and cannot be shown by extraneous evidence.

**3. Evidence ⬦419(2)—Parol evidence is admissible to vary or contradict recital of consideration in deed, unless consideration is promissory or contractual.**

Recital of consideration contained in deed is not conclusive, but parol evidence may be introduced to vary, explain, or contradict such recital and show the true consideration, unless such consideration is promissory or contractual in character, and such oral testimony is admissible without a plea of fraud, accident, or mistake.

**4. Evidence ⬦432—Plaintiff's testimony, in suit to set aside deed, as to her understanding and intentions, held admissible on issue of want of consideration.**

In suit to set aside for want of consideration deed executed by one heir to other heirs, it not being controverted that consideration recited was never paid, and such consideration not being promissory nor contractual, testimony of plaintiff as to her understanding, purposes, and intentions *held* admissible on issue of want of consideration.

**5. Cancellation of instruments ⬦25—Grantees paying no consideration cannot urge, in suit to set aside deed, that execution of deed was useless because conveying interest which they already had inherited.**

In suit to set aside deed for want of consideration, grantees who paid no consideration for execution and delivery of deed are in no position to urge that, if purpose of deed as alleged by plaintiff was to convey interest which grantees already had inherited, deed would be useless, since they are in no wise benefited by that fact.

**6. Appeal and error ⬦934(2)—It will be presumed on appeal, absent contrary showing, that trial court based judgment on ground which has sufficient evidence to support it.**

Where there are two grounds asserted for relief granted, one of which has sufficient evidence to support it and would sustain trial court's judgment, and the other would not, it will be presumed on appeal that trial court based his judgment on ground that would sustain it, unless contrary is shown.

**7. Appeal and error ⬦931(6)—Trial court will be presumed to have based judgment upon admissible evidence, where trial was to court and both admissible and inadmissible evidence was heard.**

Where both admissible and inadmissible testimony is heard in a trial to the court, it will be presumed on appeal, in absence of showing to contrary, that trial court based his judgment on the admissible evidence, where it was sufficient to sustain judgment.

Appeal from District Court, Coke County; J. F. Sutton, Judge.

Action by Lillie Rogers against W. J. H. Rogers and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Collins, Jackson & Snodgrass and Harris, Harris & Sedberry, all of San Angelo, for appellants.

D. I. Durham and Upton & Upton, all of San Angelo, for appellee.

BAUGH, J. The sole question in this case is whether appellants or appellee are the owners of an undivided three-eighths interest in 320 acres of land in Coke county, Tex. The trial court, in a partition suit brought by appellee, awarded the disputed interest to her. Hence this appeal.

The 320 acres of land involved was the community property of J. W. and Martha C. Rogers. They had four children, Lillie Rogers, appellee, another daughter, and two sons, one of whom is dead, and his children are parties as his heirs. J. W. Rogers died intestate in 1914. In 1922, Martha C. Rogers, his surviving wife, for a valuable consideration conveyed to Lillie Rogers her undivided one-half community interest in said 320 acres of land. Martha C. Rogers died in November, 1926. Lillie Rogers then owned an undivided five-eighths interest in said tract, one-half by conveyance from her mother and one-eighth by inheritance from her father; the other three-eighths being owned jointly by the other heirs, appellants here. Shortly after the death of the mother, Lillie Rogers executed and delivered to the appellants a deed conveying to them, for a recited consideration of $10, an undivided three-eighths interest in and to said 320 acres of land. This deed, and the testimony concerning it, furnish the issues presented on this appeal.

Appellee, plaintiff below, pleaded that by said deed she intended to convey to the other heirs of her father, J. W. Rogers, only the three-eighths interest in said land which they inherited from him, and asked that said deed be so construed; and that if it be not so construed, that said deed be canceled and set aside on the ground that the consideration for its execution otherwise had wholly failed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In his judgment the trial court awarded her an undivided five-eighths interest in said tract of land without indicating the grounds on which such award was made. No findings of fact nor conclusions of law were requested, so it is not shown on which ground the trial court, before whom the case was tried without a jury, based his judgment.

Appellants' chief contention is that said deed, being clear and unambiguous, and appellee not having pleaded any fraud, accident, or mistake in its execution, was conclusive of the intention of the parties, could not be varied by parol, and that all of appellee's testimony, seasonably objected to as to her purposes and intentions in the execution of said deed, was inadmissible; and that said deed, therefore, conclusively vested in appellants, in addition to what they inherited from J. W. Rogers, the three-eighths undivided interest therein conveyed to them.

[1, 2] If the construction of the deed were the only issue presented, the appellants would be correct. It is well settled that in the absence of pleadings of fraud, accident, or mistake in its execution, a deed, which is unambiguous, is the sole repository of the terms of the agreement of the parties and the only appropriate evidence thereof. In such case the intentions of the parties must be gathered from the instrument itself and cannot be shown by extraneous evidence. Eldora Oil Co. v. Thompson (Tex. Com. App.) 244 S. W. 505; Whitehead v. Weldon (Tex. Civ. App.) 264 S. W. 958; Crayton v. Phillips (Tex. Civ. App.) 297 S. W. 890; Woods v. Selby Oil & Gas Co. (Tex. Civ. App.) 2 S.W.(2d) 895. and authorities there cited.

[3] But in the instant case appellee also pleaded that there was a total want of consideration. It is also well settled that the recital of the consideration contained in a deed is not conclusive, but that parol evidence may be introduced to vary, explain, or contradict such recital and show the true consideration, unless such consideration be promissory or contractual in character. And such oral testimony is admissible without a plea of fraud, accident, or mistake. Whitehead v. Weldon, supra, and authorities there cited; Flynt v. Garmon (Tex. Civ. App.) 275 S. W. 444. The consideration recited in said deed was not promissory nor contractual.

[4, 5] It was not controverted that the $10, the only consideration recited, was never paid. The deed conveyed a three-eighths or 120-acre undivided interest in said tract of land. There was no reason shown why appellee should make a gift of such land to appellants, which, according to the value pleaded, was worth about $2,800. Her testimony, therefore, as to her understanding, her purposes, and her intentions, arrived at through agreement with the other heirs, though wholly inadmissible for the purpose of construing said deed, was admissible on the issue of want of consideration. She testified that she thought she was only conveying to the appellants the interest they inherited from her father, and so intended. Nor was she contradicted in this by the testimony of Arnold, who drew the deed. He testified that—

. "I explained to Miss Lillie Rogers that I was attempting to divide the Rogers estate so she would have one-fourth and each of the others one-fourth as the heirs of the Rogers estate."

The only Rogers estate then undivided was the one-half interest of the father, J. W. Rogers, from whom each inherited a one-fourth of his half interest. It may be urged that no deed was necessary to vest in appellants their interest so inherited; and the deed from appellee to appellants would be useless, if such was its purpose. But appellants, who paid no consideration for the execution and delivery of that deed, are in no wise benefited by that fact, and are in no position to urge it.

[6, 7] There was ample evidence to authorize the trial court to set aside said deed for want of consideration. Though the judgment does not expressly dispose of said deed, either by construing it or setting it aside, it does so by necessary implication in adjudging to appellee a five-eighths interest in the land. There being two grounds asserted for the relief granted, one of which has sufficient evidence to support it and would sustain the trial court's judgment, and the other would not, it will be presumed that the trial court based his judgment on the ground that would sustain it, unless the contrary is shown. And where, in a trial to the court, both admissible and inadmissible testimony is heard, in the absence of a showing to the contrary, it will also be presumed that the trial court based his judgment upon the admissible evidence, where same was sufficient to sustain it.

. Finding no error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.

### On Motion for Rehearing.

In their motion for rehearing, appellants insist that our opinion in this case is in conflict with the opinion of the Supreme Court in Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825.

If the language used by Judge Williams in one portion of that opinion be taken literally, there is an apparent conflict. In that case, however, there was before the court a deed from Kahn to his wife, wherein the consideration for the conveyance was recited as "paid by Amelia Kahn out of her separate funds, and for her separate use and benefit." The issue there presented was whether or not the husband could offer parol evidence for the purpose of showing that he did not intend by this deed to convey to his wife in her separate right his interest in the property. Clearly such evidence was not admissible, and our holding in this case is in keeping with the

opinion in that case. The question of failure of consideration was not there involved, and was not being discussed by Judge Williams. The language used in that opinion must be considered in the light of the facts and of the issues before the court in that case. When so considered, the apparent conflict disappears.

Appellants' motion is overruled.

Motion overruled.