## WALKER v. HAMILTON.
### No. 878.

Court of Civil Appeals of Texas. Eastland.
July 10, 1931.

Rehearing Denied Sept. 18, 1931.

Ritchie & Ritchie, of Mineral Wells, for appellant.

L. H. Flewellen, of Ranger, and Frank Sparks, of Eastland, for appellee.

FUNDERBURK, J.

Jess Hamilton sued F. L. Walker to compel specific performance of an oral agreement of the latter to convey to the former an undivided 3/32 interest in an oil and gas lease. The consideration for the alleged obligation to convey was the promise and agreement of Hamilton to tear down an oil rig or derrick and re-erect same on the particular lease and to procure for Walker a sand reel. This consideration was fully performed. In order to show that the agreement was not within the statute of frauds, plaintiff's petition alleged payment or performance of the consideration, possession of (the interest in) the land agreed to be conveyed, and the erection of permanent and valuable improvements thereon. Plaintiff further alleged that he had accepted a conveyance of an undivided 3/64 interest as one-half of the interest agreed to be conveyed, the suit being for the other one-half, or 3/64 interest. The jury, in response to special issues, found: (1) That it was agreed between the plaintiff Hamilton and the defendant Walker that the plaintiff was to have a 3/32 undivided interest in the well and lease in question, and (2) that it was not the agreement that such interest was to be 3/64. From a judgment in favor of the plaintiff, based upon such verdict, the defendant has duly appealed. Other facts material to a disposition of the case will be stated in connection with the propositions discussed.

We take occasion in the beginning to acknowledge our indebtedness to counsel on both sides for properly prepared briefs. They have served the true function of briefs in facilitating the work of the court. By a recent act of the Legislature, briefs which serve such purpose are not mandatory but merely optional with counsel. We are therefore, by reason of such fact, and the excellence of the briefs in this case, moved to express our appreciation for same.

The foregoing statement of the case suggests a defect in the plaintiff's pleadings in a respect not presented by any assignment. Plaintiff alleged that he accepted a conveyance of a 3/64 interest as a partial or pro tanto fulfillment of the alleged verbal agreement to convey a 3/32 interest. The suit does not seek to avoid the legal consequences of that acceptance, nor to avoid or have reformation of the instrument. These facts affirmatively appearing from the pleading suggest the application of a rule that would preclude any recovery under the pleadings. "The rule applicable to all contracts that prior stipulations are merged in the final and formal contract executed by the parties applies, of course, to a deed based upon a contract to convey. * * * Though the terms of the deed vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties." Devlin on Deeds, § 850-a. To avoid such consequence there should be allegations of fraud, accident, or mistake to constitute the basis for avoiding or reforming the instrument. Rogers v. Rogers (Tex. Civ. App.) 7 S.W.(2d) 126; Id. (Tex. Com. App.) 15 S.W.(2d) 1037. "All previous negotiations leading up to the execution of a written contract are merged into the contract, and where the latter is free from ambiguity, parol evidence of such prior negotiations is not admissible." Eldora Oil Co. v. Thompson (Tex. Com. App.) 244 S. W. 505, 508; Harper v. Lott, Town & Imp. Co. (Tex. Com. App.) 228 S. W. 188; Whitehead v. Weldon (Tex. Civ. App.) 264 S. W. 958; Crayton v. Phillips (Tex. Civ. App.) 297 S. W. 888.

Appellant's first proposition urges another defect in the pleading. We have concluded that, since the objection first above noted was not assigned and is not here urged, and the one assigned is not free of some doubt, we will assume but not determine the sufficiency of the pleadings, and proceed to dispose of the case upon the other grounds hereinafter discussed.

Appellant insists that the trial court should have given a peremptory instruction in his favor on the ground that there was no legal and competent evidence of the facts necessary to take the agreement out of the application of the statute of frauds (Rev. St. 1925, art. 3995). Plaintiff's own evidence shows conclusively that, if there were any permanent and valuable improvements placed by him on the lease (a question we do not find it necessary to determine), same were included in and were a part of the consideration given by him for the promise of the defendant to convey the interest in the land. Conformably to his pleadings, the plaintiff testified: " * * * The final trade we made was to tear the rig down and rebuild and furnish him a chain sand reel for a 3/32 interest." As to the improvements he testified: "Now this rig was a real and permanent improvement in connection with the production of an oil and gas well. It is necessary. It was a standard rig —eighty-two feet high. It is such a rig as is generally used in this territory at this depth wells." There was no contention and no evidence to suggest that there was any other improvements than the rig and the sand reel. There is therefore presented the apparently novel question, whether a parol agreement to convey land is taken out of the statute of frauds where the only permanent and valua-

ble improvements, if any, were erected as a part of the consideration for the conveyance. Where the agreement sought to be enforced is one involving the purchase and sale of land, it may be regarded as settled that three distinct facts must appear—the third having an alternative. They are: "1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced." Hooks v. Bridgewater, 111 Tex. 122, 229 S. W. 1114, 1116, 15 A. L. R. 216. In the same opinion it is pointed out: "Payment of the consideration, though it be a payment in full, is not sufficient. * * * Nor is possession of the premises by the vendee. * * * *Each of these three elements is indispensable, and they must all exist.*" (Italics ours.) If both payment of consideration and possession are not sufficient, it necessarily follows that, if the only permanent and valuable improvements erected are so erected in performing or discharging part or all of the consideration for the conveyance, they cannot serve as the third indispensable requisite to relieve the agreement from the statute. Permanent and valuable improvements are in theory evidentiary of the agreement. If, as a minimum requirement, such evidence must exist, in addition to payment of consideration and the fact of possession, it clearly cannot exist when it is but a part of the consideration. When it is admitted that the erection of the improvements was simply and only the payment of the consideration, the fact thereby came to have only the evidentiary value as the fact of payment of consideration, and was robbed of any greater evidentiary value as showing an agreement to convey. The fourth alternative, namely, "the presence of such facts as would make the transaction a fraud upon the purchaser if it was not enforced," means something other than and different from the mere loss of the consideration. The record is not only devoid of evidence tending to show that plaintiff would be otherwise affected by failure to enforce the agreement, but clearly the other alternative—the erection of permanent and valuable improvements—was relied upon. There was therefore, in our opinion, no evidence of the making of permanent and valuable improvements by the plaintiff so as to avoid the statute.

▮▮▮ Neither was there any evidence of possession such as would exempt the agreement from the application of the statute (Rev. St. 1925, art. 3995). It is doubtful if there was any evidence to show possession of any kind by the plaintiff. The plaintiff only entered upon the lease to perform the consideration, namely, to erect the rig and in-

spect its operation. The defendant drilled the well and was a cotenant with plaintiff at all events. In no sense then, if plaintiff had any possession, could it be said to be exclusive or adverse to the defendant. Such is the character of possession which constitutes one of the facts necessary to take an agreement out of the statute of frauds. It has been said that the possession must be exclusive and not shared with any one else. Altgelt v. Escalera, 51 Tex. Civ. App. 108, 110 S. W. 989, 991; Purington v. Brown (Tex. Civ. App.) 133 S. W. 1080; Brown on the Statute of Frauds (4th Ed.) § 473; Pomeroy's Eq. Jur. (3d Ed.) Vol. 6, § 819. If plaintiff had any character of possession, it is certain that it was one held in cotenancy with the defendant. As said in Munk v. Weidner, 9 Tex. Civ. App. 491, 29 S. W. 409, 410: "* * * No possession can suffice which does not show his individual right to the exclusion of the other cotenants." As further well said in that case: "This rule results from the nature of such co-ownership. Each tenant being entitled to the possession of the common estate, the possession of one is the possession of the other. An entry and possession of a plaintiff claiming to be the vendee would not, therefore, tend to show a contract of sale from the others, or any interest in him to the exclusion of the others. For such possession to operate as a part performance there must have been some prior act of open disseisin, or some joint act of partition among all the co-owners." It therefore appears that for at least two reasons the defendant was entitled to a peremptory instruction.

Since the foregoing effectually determines the disposition to be made of the case, it is unnecessary to discuss other assignments of error. We will, however, express our views with reference to the question raised by appellant's fifteenth and sixteenth propositions. They present the point that the court erred in submitting special issue No. 1 over a particular objection. The issue was: "Was it agreed between plaintiff Jess Hamilton and the defendant F. L. Walker, at the time of the tearing down of the rig or derrick on the Ready lease and rebuilding of the same on the Smith 66 acre lease, that the plaintiff Hamilton was to have a 3/32nds undivided interest in the well and lease on the 66 acre Smith lease described in plaintiff's petition?"

The objection was: "Because the charge assumes the existence of facts sufficient to take the alleged oral agreement out of the Statute of Frauds and to make same enforceable, notwithstanding the said Statute of Frauds and proper issues relating thereto are not submitted to the jury."

▮▮▮ Sufficient has already been said to show that an affirmative answer of the jury to the special issue as submitted would not entitle the plaintiff to a judgment unless in addition thereto three other facts existed,

namely: (1) Payment, or performance, of the consideration; (2) possession; and (3) permanent and valuable improvements. It may be conceded that the undisputed evidence showed the performance of the consideration, but if there was any evidence to raise an issue of possession and the permanency of the improvements, it was certainly not conclusive of such facts. Defendant was under no duty to request the submission of such issues and waived nothing by failure to do so. Citizens' National Bank v. Compress Co. (Tex. Civ. App.) 294 S. W. 331; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. It therefore appears that by the objection in question the defendant did all he was required to do to insist upon the submission of proper issues to the jury essential to support a judgment for the plaintiff, and that over his objection the only issue submitted was one which alone formed no proper support for the judgment.

The case appears to have been fully developed. The trial court should have instructed a verdict for the defendant. Our opinion therefore is that the judgment of the trial court should be reversed and judgment be here rendered for the defendant, which is accordingly so ordered.