**WELLS et ux. v. BURROUGHS et al.**

No. 4411.

Court of Civil Appeals of Texas.   Texarkana.
Nov. 17, 1933.

Rehearing Denied Nov. 30, 1933.

T. H. Briggs and Frank Strangways, both of Gilmer, for appellants.

O. E. Florence, of Gilmer, Edwin M. Fulton, of Palestine, and G. L. Florence, of Gilmer, for appellees.

LEVY, Justice (after stating the case as above).

■ In view of the evidence in the case, considered in the most favorable light to the plaintiffs, it cannot be held that there was error in giving the peremptory instruction to the jury. The issues arising became matters of pure law and not of fact for the jury. (1) The evidence wholly fails to show that any covenant of use or stipulation of defeasance or reverter was omitted from the deed by mistake, accident, or fraud. And the deed having been read to plaintiffs, they could not claim they were ignorant or mistaken as to the contents thereof. Parker v. Schrimsher (Tex. Civ. App.) 172 S. W. 165; 7 Tex. Jur. § 31, p. 933. All contracts prior to the execution of the deed are presumed to have been merged in the deed, which expresses all the agreements of the parties. Harper v. Town & Improvement Co. (Tex. Com. App.) 228 S. W. 188; Eldora Oil Co. v. Thompson (Tex. Com. App.) 244 S. W. 505. Hence the plaintiffs would be presumed to have absolutely conveyed the land just as the deed declares. (2) If the representations and promises to erect a gin were made for the purpose of defrauding and deceiving and without any intention at the time made of performing same, yet the plaintiffs lost the remedy of rescission by acts constituting a waiver. 7 Tex. Jur. § 37, p. 943; § 39, p. 947; § 24, p. 921. The evidence affirmatively shows without dispute that the deed was not executed and delivered for two years after the making of the contract of sale in May, 1928, and during which time to the actual knowledge of the plaintiffs the defendant Burroughs had wholly failed to erect and operate a gin on the land and had abandoned efforts toward the construction of the gin commenced thereon in the summer of 1928, and had erected and was operating a gin on other land near Mrs. O'Byrne. (3) If the promise and representation to erect a gin on the land was, as seemingly appears, truly made in good faith at the time of the contract of purchase and sale in May, 1928, and the defendant, subsequently, as conclusively appears, changed his mind and failed or refused to perform the promises before the execution and delivery of the deed, then such conduct would not constitute fraud in legal acceptation such as would justify the cancellation of the deed. Selari v. Selari (Tex. Civ. App.) 124 S. W. 997. The evidence affirmatively shows, and without dispute, that the defendant, after the agreement of purchase and sale of date May, 1928, actually moved on the land ginning machinery and logs and glade clay for building, evidencing the fixed intention at that time to in fact build a gin. In that affirmative and undisputed evidence there appears prima facie a lack of any present intention at the time of the representation and promise of evading performance and cheating plaintiffs.

■ Assignments of error are predicated upon certain bills of exception appearing in the record which are not signed by the trial judge, but in that situation this court is not authorized to consider the same. The other assignments do not present reversible error.

The judgment is affirmed.