**STONE et al. v. TIGNER et al.**

**No. 11424.**

Court of Civil Appeals of Texas. Galveston.

July 16, 1942.

Rehearing Denied Oct. 1, 1942.

Carlos B. Masterson and Masterson & Bryan, all of Angleton, and Virgil Childress and Lawler, Wood & Childress, all of Houston, for appellants.

A. R. Rucks, of Angleton, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellee J. H. Tigner against George J. Thier and appellants, J. W. Stone and Sterling Oil & Refining Corporation, to compel specific performance of those provisions of a grazing lease contract executed by the said George J. Thier, as lessor, and appellee J. H. Tigner, as lessee, by the terms of which lessee was given the option to purchase the leased premises in the event of a cancellation of his lease, in the event of a contemplated sale of the leased premises by lessor, at the best bona fide price offered lessor therefor.

Appellants answered by a general denial and a plea of not guilty. They specially pled that, by the terms of said lease contract, the lessor therein had expressly reserved in himself the right to sell the leased premises subject to the rights of lessee, J. H. Tigner, and that he, the said George J. Thier, had conveyed a portion of the leased premises to appellants, subject to the rights of appellee under said grazing lease.

In a trial before the court, without a jury, judgment was rendered requiring appellants to convey to appellee the three tracts of land in question. It divested the title to said land out of appellants and vested it in appellee, J. H. Tigner.

On January 3, 1940, George J. Thier, as lessor, and J. H. Tigner, as lessee, entered into a written contract for the lease of four tracts of land in Brazoria County, Texas, for a term of five years from January 1, 1940. Paragraphs 4 and 5 of said lease read as follows:

"4. It is understood and agreed that the Lessors reserve the right to sell the said above described lands and premises, or any part thereof during the term of this lease, in which event the Lessors shall give the Lessee 30 days written notice of said sale and of Lessors desire that the Lessee vacate such sold premises, and any unearned consideration paid on this lease upon the lands and premises so sold shall be refunded by the Lessors to the Lessee at the time the sold premises are vacated by the Lessee. In the event of sale Lessee agrees to vacate within sixty days the land and premises so sold upon written demand made by Lessors to Lessee.

"5. In this connection, it is further understood and agreed between the parties that during the term of this lease the Lessors give and grant to the Lessee the first right and option to purchase any or all of the lands and premises so contemplated to be sold by Lessors at the best bona fide price which the Lessors may be offered for the same, and Lessee shall have thirty days after receiving written notice of said offer within which to purchase said lands and premises at said bona fide offered price."

On or about June 2, 1941, appellant J. W. Stone entered into an agreement with George J. Thier to purchase three of the tracts of land under lease to J. H. Tigner, excepting a $\frac{1}{32}$ royalty interest therein, and, on that date, pursuant to said agreement, J. W. Stone deposited, in escrow, a draft payable to George J. Thier for the sum of $5,041. George J. Thier executed a deed conveying said land, less said royalty inter-

est therein, to J. W. Stone, and had it forwarded to the City National Bank, of Houston, Texas, to there be held in escrow for thirty days or until the title to said land was approved and accepted by J. W. Stone.

On June 24, 1941, George J. Thier wrote appellee J. H. Tigner the following letter:

"Please accept notice that I am exercising the option as set forth in clause number four of lease between us, bearing date January 3, 1940, and covering lands described therein located in Brazoria County, Texas.

"It is required that 30 days notice be given you of intent to cancel the lease and you are to accept this letter as such notice.

"Under the terms of the lease you have 60 days time to vacate the premises, and I must refund you the unearned portion of the cash rental received for the current year. This I will do when possession is given.

"On your part you have an option to purchase the land within 30 days time at same price as any bona fide offer I have which is acceptable to me.

"The offer now available to me is as follows: Upon delivery of deed I am to receive the sum of $10.00 per acre in cash and retain one-fourth mineral rights. Title is to be accepted in its present condition as the land was owned by my father, now deceased, and no administration of his estate was ever undertaken.

"You may know at once, without waiting 30 days to inform me, as to buying and I will appreciate advice promptly from you in such event so as not to cause needless delay in completing my present plans."

On July 1, 1941, J. H. Tigner wrote George J. Thier the following letter:

"I am in receipt of your letter of June 24th, advising that you have a bona fide offer for your land described in our contract of January 3, 1940, as follows:

"Upon delivery of deed you are to receive the sum of $10.00 per acre cash, and you are to retain ¼th the mineral rights in said land, title to be accepted in its present condition, as the land was owned by your father, now deceased, and no administration of his estate was ever undertaken.

"I desire to and do hereby exercise my option to purchase said land within the thirty days, at the price and terms and upon the conditions stated in your letter.

"I will, of course, expect to get a deed from all of your father's heirs, and I will thank you to furnish me an affidavit showing the names and addresses of all of your father's heirs. If you have an abstract of title to this property, you will probably have no objection to forwarding same to me at once, as it would probably be of no value to you after my purchase of the property. The abstract of title might contain an affidavit or such data to show the true heirship of your father and who should execute the deed to me."

On July 3, 1941, appellant J. W. Stone caused said draft to be paid, and received from the City National Bank of Houston, Texas, the deed to the tracts of land in question. By deed of the same date, J. W. Stone conveyed all of said land to appellant Sterling Oil & Refining Corporation.

On July 12, 1941, appellee J. H. Tigner wrote George J. Thier a letter in which he reaffirmed his offer to purchase the land covered by his lease and advised him that he stood ready to pay the consideration mentioned in Thier's letter to him of June 24, 1941.

On July 21, 1941, appellee had his bank at Angleton, Texas, send the following telegram to George J. Thier: "J. H. Tigner has today deposited with us in escrow for you $5141.00 in payment for the land, less ¼ the minerals, described in his lease contract with you and under the conditions named in your letter to him of June 24, with instructions to deliver the money to you upon your delivering to this bank or to him proper deed signed by yourself and other heirs of your father, if any. Will deliver said money to you at West Brooklyn upon advice you have placed such deed in a West Brooklyn bank for delivery to Tigner. Answer collect."

On July 25, 1941, George J. Thier answered said telegram from the Angleton bank by the following telegram to said bank: "Make no claim to J. H. Tigner deposit as I have no land to sell."

On July 18, 1941, appellant Sterling Oil & Refining Corporation caused a letter to be written to appellee Tigner advising him that it had purchased said land subject to his rights under said grazing lease. The Oil Company requested payment to it of all future rentals accruing under the terms of said lease.

Neither the deed from George J. Thier to J. W. Stone, nor the deed from Stone to Sterling Oil & Refining Corporation, mentions Tigner's lease or reserves to Tigner his grazing rights thereunder.

The trial court found that, at all pertinent times, appellee J. H. Tigner had been ready, able and willing to purchase said land at the price and upon the terms and conditions set forth in Thier's letter to him of date June 24, 1941, and that Tigner had deposited in Brazoria County State Bank of Angleton, Texas, $5141 on July 21, 1941, with which to pay for said land, and that he had tendered the sum of $5041 into the registry of the trial court for that purpose. The court found that, when J. W. Stone opened negotiations for the purchase of said land with George J. Thier, Thier had told him that J. H. Tigner had a written grazing lease on said land which contained a cancellation clause in favor of Thier, and that Stone knew that appellee was in possession of said land.

It was stipulated between the parties that appellant Stone was acting for and was the agent of appellant Sterling Oil & Refining Corporation, and that he was acting within the scope of his authority in negotiating for the purchase and in the purchase of said land.

On the trial of the case counsel for appellant Sterling Oil & Refining Corporation stated in open court that they made no claim as innocent purchasers of said land.

This appeal involves the construction of those terms of said lease contract which provide for an option in favor of appellee to purchase the leased premises in the event of a contemplated sale by lessor. The controlling question presented is whether appellee Tigner, under the terms of said lease, had an absolute first and prior right to purchase the leased land for the price offered by appellant Stone and accepted by Thier, or whether the right to purchase arose only if George J. Thier agreed to sell the land to Stone free and clear of the lease.

■ It is undisputed that, under appellee Tigner's lease agreement with George J. Thier, he was given "the first right and option to purchase any and all of the land" contemplated to be sold by lessor at the best bona fide price which the lessor had been offered therefor. Under the terms of said contract, he had thirty days within which to exercise his option after notice from lessor of his intention to cancel said lease. It is undisputed that, on or about June 26, 1941, George J. Thier notified appellee Tigner by letter that he was exercising his option of cancelling said lease and that he had thirty days within which to exercise his option to purchase said land. J. H. Tigner was also advised by Thier that he, Thier, had received an acceptable offer for the purchase of said land. The terms of the offer were outlined in the letter. On July 1, 1941, six days after receiving notice of the cancellation of said lease, J. H. Tigner notified George J. Thier of his intention to exercise his option to purchase said land, and on or about July 21, Tigner had his bank notify George J. Thier of his unconditional offer to purchase said land at the price offered by J. W. Stone and of the fact that he had deposited in escrow the full purchase price therefor. Under the above facts, we think that the option in favor of appellee in said lease contract to purchase said land involves the particular land mentioned in the lease and its use and occupation; that the option runs with the land itself and thus it is not a collateral or personal contract between the parties; that the appellee complied with all of the terms of said lease, and that he had an absolute and prior right to purchase the leased land for the price offered by appellant J. W. Stone and accepted by Thier.

■ As to appellants' contention that said land was purchased by them subject to said lease, it is the established law of this state that all parol agreements entered into by and between the parties to a deed prior to its execution are presumed to have been merged in the deed, and that the deed expresses all the agreements between the parties, in the absence of pleading and proof that references thereto were omitted from the deed through mistakes, accident or fraud. Wells v. Burroughs, Tex.Civ.App., 65 S.W.2d 396; Walker v. Hamilton, Tex. Civ.App., 42 S.W.2d 148; Cobb-Holman Lumber Co. v. Liechty, Tex.Com.App., 41 S.W.2d 18.

■■ Since neither the deed from Thier to J. W. Stone, nor the deed from J. W. Stone to Sterling Oil & Refining Corporation, contained any provision that said sales were made subject to Tigner's lease, or preserved to him his grazing rights thereunder, under the above authorities, in the absence of pleadings or showing in the record that reference to said lease was omitted from said deeds by fraud, accident, or mistake, it must be presumed that it was the intention of George J. Thier to make an absolute conveyance of said land to J. W. Stone. It follows that since appellant J. W. Stone purchased said land with notice of appellee

Tigner's option to purchase from Thier under the terms of said lease agreement, he purchased said land subject to said option.

The judgment of the trial court will be in all things affirmed.

Affirmed.